SIMON, et al, vs UNITED STATES.

Opinion delivered September 23, 1903.

1. *Bail Bond—Criminal Procedure — Arkansas Law Governs in Indian Territory.*

By Act of Cong. Mar. 1, 1895, c. 145, sec. 696, the criminal procedure in the Indian Territory is fixed as provided in Chap. 46, Mansf. Dig. exclusive of all other statutes of United States; and sec. 1014 Rev. Stat. U. S. has no force in Indian Territory.

2. *Bail Bond—Prosecution for Forfeiture—in What Court—Service of Process in other District.*

An action to recover upon a forfeited bail bond is properly brought in the court where defendant was required to appear for trial on the

criminal charge, under Secs. 2064 and 2068 Mansf. Dig. (Secs. 1407, 1411, Ind. Ter. Stat. );and a summons may issue to and be served in another district, under Act of Cong. May 2, 1890, c. 182, sec. 32, (26 Stat. 96) making a judicial district in Indian Territory equivalent to county in Arkansas.

3.   *Bail   Bond—Forfeiture—Scire   Facias—Answer,*

In an action  to recover upon a bail bond, the scire facias recited that the principal and sureties, the defendants in the action, acknowledged themselves bound to the United States marshal for the Central District of Indian Territory, and that the principal failed to comply with the bond thereby forfeiting said recognizance.  It did not appear in the scire facias that such bond was ever approved by anybody nor that defendant gained his liberty thereon.  Defendant's answer denied that said principal had ever been admitted to bail, and that any court or officer authorized by law had fixed the amount of such bail or accepted or approved same.  *Held,* that under Sec. 2042 Mansf. Dig. (1385 Ind. Ter. Stat.) the answer, being under oath, raised an  issue  of fact which should have been tried and a demurrer thereto should have been overruled.

Appeal from the United States Court for the Southern District.

Action by the United States against A. Simon and others. Judgment for plaintiff.  Defendants appeal.  Reversed.

On the 19th day of February, A.D. 1900, the clerk of the United States· Court for the Southern District of the Indian Territory, sitting at Ardmore, at the instance of the United States attorney for said district, issued a scire facias reciting that A. Simon as principal and Dave and Fred Wachenheim as sureties, on the 28th day of August, 1899, before Leo Bennett, United States marshal for the Central District of the Indian Territory, entered into a bond or recognizance  in the penal sum of $500, conditioned that said principal should make his
(45)

personal appearance in the United States Court for the Southern District of the Indian Territory at Ardmore at a stated time, and from day to day thereafter during that term, and from term to term thereafter, until discharged by proper order of said court, etc., and further alleging that said conditions had been broken, and a forfeiture had been duly taken thereon in said court in said district at Ardmore, the said scire facias being returnable at Ardmore, in said court, in said district, on the 9th day of April, 1900. The process thereon was served on the said sureties in the Central District of the Indian Territory, on February 27, 1900, by the marshal of said Central District and the said process was not served at all on said principal. On the 15th day of February, 1901, said sureties appeared specially and filed their plea to the jurisdiction of the court, alleging that neither of them nor the principal resided or was found within the Southern District of the Indian Territory at the time that said cause was instituted, the two sureties at that time residing in the Central District of the Indian Territory, and said principal at that time neither residing nor being found within the Indian Territory; that, at the time of the execution of said bond sued on, both sureties resided in the Central District of the Indian Territory, and have ever since been residents of said district, and that process in this cause was served upon them in the Central District of the Indian Territory, for all of which reasons said court had no jurisdiction over them personally; and that said process served without authority of law, should be quashed and held for naught. Thereafter on the same date a general demurrer was filed to said plea, which was sustained by the court, to which action of the court in sustaining said demurrer, the defendants duly saved their exceptions. Thereafter on the same date said sureties filed their answer, setting out and averring that neither the warrant under which said Simon was arrested, nor the indictment on which said warrant was issued, had any indorsement thereon showing the amount of bail fixed

by the court, if such had been done, and that no order of court or of any officer authorized by law to allow him bail was ever made, admitting him to bail in the sum of $500, or any other sum, and that said bond was void. They further set out and averred in said answer that prior to the alleged execution of said bond said Simon had never been allowed or admitted to bail by any officer authorized by law, and that the amount of said bond had never been fixed by any officer or court authorized by law, nor had he been allowed bail in any sum by the court in which said charge on which said arrest was made was pending, nor had any indorsement been made on the indictment nor upon the warrant issued against him in said cause, of the amount of bail, as required by law. And also denied under oath that on or about the 20th day of August, 1899, they had entered into the alleged bond before Leo Bennett, marshal, etc., and further denied that they had ever entered into any bond before said Leo Bennett, marshal, etc., for the appearance of said principal, as alleged in said scire facias. They further set out in said answer that on or about the 20th day of August, 1899, the marshal of the Central District, J. P. Grady, through his deputy, H. K. Wall, under a capias or warrant issued out of the United States Court for the Southern District of the Indian Territory, at Ardmore, on an indictment for attempting to rob, arrested the said Simon; that on said warrant there was no indorsement allowing any officer to take a recognizance or accept bail; that said deputy, whilst he had the principal in his custody by virtue of said process, lodged a complaint before the United States commissioner for the Central District of the Indian Territory at Durant, charging him with being a fugitive from justice from the Southern District of the Indian Territory on the identical charge on which he had him in custody under said warrant, and that on or about the 20th day of August, 1899, said prisoner was arraigned before said commissioner on the charge of being a fugitive from justice

from the Southern District of the Indian Territory, he then and there being released from custody under the original warrant, and then the said commissioner committed the said prisoner to jail at Atoka, in said Central District of the Indian Territory, fixing his bail at $500 for his appearance at the next December term, 1899, of the United States Court for the Southern District of the Indian Territory at Ardmore, to answer said charge of attempting to rob; that then said bond was entered into by said sureties under said fugitive charge; that no marshal ever received said bond; that the marshal of the Central District never received or approved the same, nor did any officer authorized by law fix said bond, nor receive nor approve the same; that said bond was void because it was not taken by an officer authorized by law to take the same, and further because said Simon, prior to the time of his release from custody under said fugitive charge, was not allowed bail by any officer authorized by law to fix bail or recognizance; that said bond was not entered into before the court in which said indictment was pending, nor did any officer authorized by law to take it; that said sureties denied that they were indebted to the United States or were bound to it in the sum of $500 or any other sum. The answer setting up said defenses was duly verified, and prayed for the proper relief. On the same date, the United States, by its attorney, filed a general demurrer to said answer, which was sustained by the court, and the said sureties duly and properly saved their exceptions to such action of the court. Afterwards on the same day the said defendants filed their motion for a new trial on the grounds, first, that the court erred in sustaining the demurrer to their plea to the jurisdiction of the court; second, that the court erred in sustaining the demurrer to their answer; third, that the court erred in rendering judgment against them for the amount of said bond. On the same day said motion was overruled, to which action of the court in overruling their motion for a new trial the defendants properly saved their exceptions,

and then and there, in open court, in proper form, filed their prayer for an appeal from said judgment to the Court of Appeals of the Indian Territory, which was allowed, and the defendants allowed 90 days in which to file bill of exceptions, which was done, and said appeal to this court duly perfected and prosecuted and proper supersedeas bond made.

R. L. *Williams*, for appellants. *Wm. B. Johnson, J. W. Ownby*, and *James E. Humphrey*, for appellee.

GILL, C. J.    Appellants file the following specifications of error: "(1)    The court erred in sustaining demurrer to defendant's plea to the jurisdiction of the nisi prius court, to which action of the court they duly saved their exceptions.    (2)    The court erred in sustaining demurrer to defendant's answer to which action of the court they duly saved their exception.    (3) The court erred in rendering judgment against the defendants for the amount of the bond, to which action of the court the defendants duly saved their exceptions.    (4)    The court erred in overruling defendants' motion for a new trial, to which action of the court in overruling their motion for a new trial they duly excepted."

As to the first specification of error: "The court erred in sustaining demurrer to defendants' plea to the jurisdiction of the nisri prius court, to which action of the court they duly saved their exceptions."    We have examined the contention and argument of the appellant, and do not concede its merits.    This court has held in Williams vs United States, 4 Ind. Ter. Rep. (69 S. W. 851), as follows:    "But under.Act March 1, 1895, c. 145, 28 Stat. 696, we are of opinion that Congress intended to put in force and did put in force, chapters 45 and 46, of the Laws of Arkansas, contained in Mansf. Dig. (Ind. Ter. St. 1899, cc. 19, 20), entitled, respectively, 'Criminal Law' and 'Criminal Procedure, 'and, except where the punishment is

different, as provided in the laws of the United States, and as provided in Mansfield's Digest, in said chapter 45, said chapters 45 and 46 are exclusive of all other laws, except, of course, such laws as have since been put in force by Congress." In other words, it is our construction of the act of March 1, 1895, that, as to criminal procedure, Congress has fixed for Indian Territory, exclusive of all other statutes of the United States, chapter 46 of Mansfield's Digest; and this being true, section 1014, Rev. St. U. S. (U. S. Comp. St. 1901, p. 716), has no force in Indian Territory, it being in conflict with chapter 46, Mansf. Dig. By express provision of Congress, Act May 2, 1890, c. 182, § 32, 26 Stat. 96 (Ind. Ter. St. 1899, § 32), it is provided "that the word 'county,' as used in any of the laws of Arkansas, which are put in force in the Indian Territory, shall be construed to embrace the territory within the limits of the judicial divisions in said Indian Territory and whenever in said laws of Arkansas the word 'county' is used, the words 'judicial division' may be substituted therefor in said Indian Territory." Under the title "Bail," of said chapter 46, Mansf. Dig. (chapter 20, Ind. Ter. St. 1899), there is no doubt, under sections 2064, 2068, (sections 1407, 1411, Ind. Ter. St. 1899), that the government has adopted the right procedure with reference to the prosecution of this case—that the action on the bail bond shall be in a court in which the defendant was or would have been required to have appeared for trial—and there is no doubt that the summons issued by the United States clerk out of the Southern District of Indian Territory, to the Central District on these defendants, on the scire facias, was fully authorized by the law and the statute, and that the service of such summons in the Central District was fully authorized and was legal. Section 4969, Mansf. Dig. (§ 3174, Ind. Ter. St. 1901); Darby vs State, 21 Ark. 524.

The third and fourth specifications of error depend wholly upon a consideration of the second specification of error, which

is as follows: "The court erred in sustaining demurrer to defendants' answer, to which action of the court they duly saved their exception." The answer of the defendant contains the following paragraph: "Defendants further deny that at the time the alleged bail bond was entered into that said defendant Simon had ever been admitted to bail by any officer authorized by law to allow him bail, and they further deny that the amount of his bond had ever been fixed by any court or officer authorized by law to fix such bail. They further say that, up to the time when it is alleged said bond was entered into, said defendant Simon had never been allowed bail by the court in which said indictment was pending, nor has there ever been indorsed upon the indictment in said cause, nor upon the process or warrant issued against him, the amount of the bail, as required by law. Defendants further deny that on or about the 20th day of August 1899, they entered into the alleged bond, or executed the same before Leo Bennett, marshal, etc. They further deny that they ever entered into any bond before said Leo Bennett, marshal, etc., for the appearance of this defendant, as alleged in said scire facias." The scire facias in this cause reads as follows: "Whereas, A. Simon, as principal, and Fred. Wachenheim and Dave Wachenheim, as sureties, on the 28th day of August, A. D. 1899, before Leo E. Bennett, United States marshal, in and for the Indian Territory, Central District acknowledged themselves to owe the United States of America the sum of five hundred dollars." It then alleges that such bond would be void on condition that said Simon should make personal appearance in the United States Court for the Southern District on December 4th, etc.; that said Simon failed to keep the conditions of said bond, and that said recognizance became and was forfeited, and commanding that the defendants be summoned to show cause, if any, on April 9, 1900, why final judgment should not be rendered against them, etc. The bond charged in the scire facias is one acknowledged before Leo. E.

Bennett, marshal, etc.   It does not appear in said scire facias that the defendant ever gained his liberty on account of such bond; and, so far as the record discloses it does not appear that said bond was ever approved by anybody, but to the contrary, or that the defendant Simon, was ever discharged from custody by reason thereof.   Section 2042, Mansf. Dig. (§ 1385, Ind. Ter. St. 1899), provides:  "The taking of bail consists in the acceptance by a competent court, magistrate or officer of the undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking, or that the bail will pay to the state the sum specified."  Comparison of the foregoing answer of the defendants with the allegations in the scire facias shows that distinct and positive issues were raised as to the execution of any bail bond before Leo E. Bennett, and defendants deny, specifically, entering into any such bond before Leo E. Bennet.   In the next paragraph of the answer they admit that A. Simon was arrested by J. P. Grady, marshal of the Central District, and while under such arrest was taken before a United States commissioner upon the charge of being a fugitive from justice, and that said Simon was released from custody under said original warrant, and said commissioner committed said defendant Simon, fixing his bond at $500 for his appearance, at the next December term of the United States Court for the Southern District whereupon the defendants entered into the bond fixed by the commissioner.   They deny that any marshal ever received said bond, or that the marshal of the Central District ever received or approved the same, nor did any other officer authorized by law fix said bond, or receive the same or approve the same.   Now it is perfectly plain that here are denials of the execution of the bond sued on in this action, and these denials are under oath.   They raise issues that must be tried.   Leo E. Bennett, United States marshal, is nowhere charged to be either marshal of the Southern District, where the action is pending or the Central District, where

the arrest was made, nor is he charged to be any officer, or to be delegated with authority in any way to accept bonds, or otherwise, in either the Southern or the Central Districts of the Indian Territory. It is denied under oath that he is such officer authorized to take such bond. Here was an issue of fact sharply defined, and one which should have been tried to a jury or the court, jury trial being waived  The demurrer to this answer being interposed should have been overruled, and, while the appellants do not rely upon this point in their brief they make the point that, "if any paragraph in appellants' answer set up a valid defense, it was error to sustain the demurrer to the entire answer." C. F. Ry. Co. vs Parks 32 Ark. 131.

It is our opinion that this case should be remanded, the demurrer to defendants' answer overruled, and the case proceed to trial upon the facts in issue; and if, in fact, there was no such bond as that described in the scire facias, certainly there ought not to be judgment against defendants thereon. Reversed and remanded.

CLAYTON and RAYMOND, J.J., concur.