BATES v. BIGELOW.

Opinion delivered July 23, 1906.

BURDEN OF PROOF—INNOCENT PURCHASER.—The burden of proof is upon one who claims to be an innocent purchaser of land without notice of an equitable vendor's lien thereon.

Appeal from Columbia Chancery Court; *Emon O. Mahoney,* Chancellor, affirmed.

*C. W. McKay,* for appellant.

1. The fact that a part of the consideration paid for the purchase of land was a pre-existing indebtedness will not prevent the purchaser from being entitled to protection as an innocent purchaser where the rest of the consideration is new. 64 Ark. 197.

2. The burden of proof is on the appellee to show that Simpson had actual notice of the vendor's lien at and before the purchase of the land. ' Such notice should be established by clear and unequivocal proof. 18 Ark. 158; 14 Ark. 634.

*Stevens & Stevens,* for appellee.

The court found that Simpson had notice at the time of the purchase that the notes were unpaid, and of the vendor's lien. Unless this finding is against the preponderance of the evidence, it will be sustained. 42 Ark. 521; 24 Ark. 216.

McCULLOCH, J. Bigelow sold and conveyed to appellant J. R. Bates a tract of land in Columbia County, containing 82 acres. The deed recited the payment of the price in full, but all of it was not in fact paid, Bates excuting to Bigelow two notes each in the sum of $50 for the unpaid part. Bates subsequently sold and conveyed to appellant W. W. Simpson this and another tract of land, his deed reciting a cash consideration paid in full. Bates's notes to Bigelow have not been paid, and the latter brought this suit against Bates and Simpson to recover of Bates the amount of the notes with accrued interest, and to foreclose the vendor's lien on the land. The notes have been lost, and Bates, in his answer, alleged that they have been paid in full, but in his testimony admitted that this was not true, and that he still owed the notes.

Simpson pleaded that he purchased the land from Bates without notice of the outstanding incumbrances, and both he and Bates testified that he (Simpson) knew nothing of the outstanding unpaid notes when he purchased the land; that he purchased upon the faith of the recital of full payment in the deed from Bigelow to Bates. Bigelow testified that Simpson admitted to him that when he bought from Bates the latter informed him that the land was incumbered to the extent of about $100. Another witness whose deposition was taken by appellee testified that Simpson told him that he (Simpson) knew, when he bought the land, that the purchase money notes were outstanding, but that he had to buy the land from Bates in order to collect a debt which the latter owed. The consideration of the conveyance from Bates to Simpson was $350 of which $235 was in satisfaction of a pre-existing debt, and the balance of $115 was paid in cash.

The only point in the case is as to whether Simpson had notice of the outstanding notes and lien. The chancellor made a special finding that Simpson did have notice at the time of his purchase from Bates.

The testimony is about evenly balanced; Bates and Simpson testifying one way and Bigelow and witness Henderson the other.

The burden of proof was upon Simpson to show that he was an innocent purchaser without notice of the outstanding lien. *Steele* v. *Robertson*, 75 Ark. 228.

With this burden upon the defendants, and the testimony being so evenly balanced, we can not say that the finding of the chancellor is clearly against the preponderance of the evidence.

Decree affirmed.