## BRUCE *et ux.* v. OVERTON *et al.*

No. 4782.    Opinion Filed January 4, 1916.

(154 Pac. 340.)

1.  **WILLS — Admission to Probate — Constructive Notice — Record.**
    Prior to statehood a will duly admitted to probate at Tulsa, in
    the Western district of the Indian Territory, imparted con-
    structive notice, although the land devised was situate in another
    recording district in said Western district, and the will and order
    of court admitting it to probate were not recorded in the record-
    ing district where the land was situate.

2.  **VENDOR AND PURCHASER—Bona Fide Purchasers—Pleading
    and Proof.** A person seeking protection as an innocent purchaser
    of real estate without notice of an outstanding title must both
    allege and prove the facts constituting him such innocent pur-
    chaser, and unless he does so that issue is not raised.

(Syllabus by Hatchett, C.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Action by Charles H. Overton and another against
C. A. Bruce and wife. Judgment for plaintiffs, and de-
fendants bring error. Affirmed.

*Wm. L. Cheatham,* for plaintiffs in error.

*Biddison & Campbell,* for defendants in error.

Opinion by HATCHETT, C. This suit was insti-
tuted by the plaintiffs, Chas. H. Overton and W. H.
Manes, against the defendants, C. A. Bruce and Mrs. C.
A. Bruce, to recover the possession of the N. W. ¼ of
S. E. ¼ and N. E. ¼ of S. W. ¼ of S. E. ¼ of section
9, township 17 N., range 9 E., situated in Creek county,
and for $400 damages for withholding possession thereof.
The defendants answered by general denial, and that they

were the owners of an undivided one-third interest in the land, and were therefore rightfully in possession of it. The cause went to trial largely upon an agreed statement of facts.

It appears from the statement of facts: That the land in controversy was a portion of the allotment of Noble Perryman, who died on the 25th of January, 1907; that previous to his death, and on the 1st of May, 1906, being over the age of 21 years at that time, he made a will, in which he devised the land in controversy to his daughter, Hattie Grayson; that the will was filed for probate on the 23d of February, 1907, in the United States Court for the Western District of the Indian Territory at Tulsa, and duly probated, and an administrator appointed with the will annexed, and the will duly recorded by the clerk of said court, where the record remained until the admission of Oklahoma as a state, when the record was transferred to the clerk of the county court of Tulsa county, and has since there remained; that on the 20th of December, 1907, Hattie Grayson conveyed the land to W. H. Manes by warranty deed for a consideration of $425, which deed was recorded in the office of the register of deeds of Creek county on the 23d day of December, 1907; that on the 28th of March, 1910, W. H. Manes by warranty deed conveyed an undivided one-half interest to Chas. H. Overton, which deed was recorded in the office of the register of deeds of Creek county on the 1st of April, 1910; that prior to the death of Noble Perryman he executed an agricultural lease on the land, which by its terms expired on the 1st of January, 1911, to one Joseph Mays, and that Joseph Mays, after the execution thereof, transferred all his right there-

under to the defendant C. A. Bruce; that Noble Perryman left three children, Hattie Grayson, Phoebe Bruce, and Ennis Perryman; that on the 24th day of January, 1908, Phoebe Bruce by quitclaim deed conveyed all her right, title, and interest in this land to C. A. Bruce for the consideration of $500; that the land in controversy was, at the time the will was probated, situated in the Western district of the Indian Territory, but not in the Tulsa recording district, and the will was never recorded at any other place than in the United States Court at Tulsa.

Judgment was rendered for the plaintiffs for the possession of the land and for $80 damages, and the defendants have appealed to this court.

It is claimed by the defendants, the plaintiffs in error here, that because the will of Noble Perryman, devising this land to his daughter, Hattie Grayson, was not recorded in the recording district where the land was situated, they are innocent purchasers without notice of the outstanding title, to the extent of an undivided one-third interest from Phoebe Bruce; that having no notice of the outstanding title when they purchased from Phoebe Bruce her interest, they obtained title to the interest she would have had if there had been no will. With this contention we cannot agree. Under the act of Congress of May 2, 1890, a judicial district in the Indian Territory was made equivalent to a county under the Arkansas statutes. *Simon v. United States*, 4 Ind. T. 688, 76 S. W. 280; *Welch v. Ladd*, 29 Okla. 93, 116 Pac. 573. The judgment of the United States Court at Tulsa admitting the will to probate and the record of the same, together with the will, was constructive notice of the contents thereof, and we have been cited to no provision of the

Arkansas statutes, which were then in force in the Indian Territory, requiring the same to be recorded elsewhere in order to impart notice to third parties. While it is true there was a statute in force fixing the area of what was known as recording districts, yet we have been cited to no law which required that wills and the order of court admitting them to probate should be recorded in the recording district where the land was situated. This land being situated in the Western district of the Indian Territory and the allottee having died there, the United States Court at Tulsa had jurisdiction of the matter of probating said will and all persons were required to take notice thereof.

The answer of the defendants did not set up that they were innocent purchasers for value without notice of the outstanding title, and neither the evidence introduced nor the agreed statement of facts touched upon that question. While the authorities seem to be somewhat in conflict as to who has the burden in such a case, we think that the weight of authority and the better reason are to the effect that the person who claims to be an innocent purchaser of land for value and without notice of a prior unrecorded deed or other instrument showing an outstanding title must both plead and prove the facts necessary to constitute him an innocent purchaser. 39 Cyc. 1778-1782; *Brooks v. Garner*, 20 Okla. 236, 94 Pac. 694, 97 Pac. 995; *Bell v. Pleasant et al.*, 145 Cal. 410, 78 Pac. 957, 104 Am. St. Rep. 61; *Eversdon v. Mayhew*, 65 Cal. 163, 3 Pac. 641; *Bates v. Bigelow*, 80 Ark. 86, 96 S. W. 125; *Hannan v. Seidentoph*, 113 Iowa, 658, 86 N. W. 44; *Lloyd v. Simons*, 90 Minn. 237, 95 N. W. 903; *Bowman v. Griffith*, 35 Neb. 361, 53 N. W. 140; *Holland v. Farris*

12—54

(Tex. Civ. App.) 107 S. W. 102; *Seymour v. McKinstry,* 106 N. Y. 230, 12 N. E. 348, 14 N. E. 94; *Clark v. Lambert,* 55 W. Va. 512, 47 S. E. 312.

It is an affirmative defense, and the facts constituting the same are usually peculiarly within the knowledge of the person claiming to be an innocent purchaser. He knows whether or not the consideration was paid, and, if so, what it was, and whether he had knowledge of the outstanding title or notice of any fact that would tend to put him upon inquiry, and he is called upon to plead and to prove such facts. The defendants having failed in this case in the trial court to allege facts showing them to be innocent purchasers, and having failed to prove any such facts by the evidence, they did not assume and discharge at the trial the burden which was on them in order to establish that defense.

We therefore recommend that the judgment of the district court be in all things affirmed.

By the Court: It is so ordered.