## CHOCTAW LBR. CO. v. McKEEVER et al.

No. 16647—Opinion Filed Sept. 28, 1926.

**1. Vendor and Purchaser—Defense of Innocent Purchaser—Burden of Proof.**

The defense of innocent purchaser for value without notice is affirmative in its nature, and the burden of proof is upon the defendant to establish such defense upon the trial.

**2. Injunction—Continuing Trespass by Cutting Trees — Insolvency of Defendant Immaterial.**

A trespass, consisting of the wrongful entry upon lands and cutting and removing timber therefrom, is continuous in its nature, may be enjoined by a court of equity in a proper proceeding without reference to the solvency or insolvency of the defendant.

**3. Indians—Validity of Conveyance of Timber on Allotment of Full-Blood Choctaw.**

An instrument, conveying timber upon the allotment of a full-blood Choctaw Indian which specifies five years for its removal is not void on its face. The allottee having power to convey such timber may fix a reasonable time for its removal, and the question as to whether five years is a reasonable time is a question of fact.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, McCurtain County; George T. Arnett, Judge.

Action by Choctaw Lumber Company against Will McKeever and Jess McKeever. From judgment for defendants, plaintiff has appealed. Reversed and remanded.

Lydick, McPherren & Wilson, M. E. Jordan, John S. Kirkpatrick, and John C. Head, for plaintiff in error.

J. N. Fortner and R. E. Stanley, for defendants in error.

Opinion by DICKSON, C. The parties will be referred to as plaintiff and defendants,

as they were designated in the trial court.

The facts necessary to an understanding of the questions presented by this appeal are as follows: Green McKinney, a Choctaw Indian, enrolled opposite No. 2435, was allotted the southeast quarter of section* 33, township 4 south, range 25 east; lots 1, 2, 3, and 4 of section 3, township 5 south, range 25 east, with other lands in McCurtain county, Okla., as a homestead.

On April 11, 1923, the said Green McKinney executed and delivered a timber contract, whereby he granted, bargained, and sold to the plaintiff and its successors and assigns, the timber of whatsoever kind and character standing, growing, lying, fallen, or being upon said lands. The specific description of said lands contained in said contract is as follows:

"The southeast quarter of section 33, township 4 south, range 25 east, and lots 1, 2, 3, and 4 of section 2, township 5 south, range 25 east."

This is followed by the general description:

"Having selected the same as my allotment and filed such selection with the Commission of the Five Civilized Tribes, for which certificate of allotment No. ____ has been issued by and received from said Commission."

The said Green McKinney owned no land in section 3, township 5 south of range 25 east, but was allotted lots 1, 2, 3, and 4 of section 2 of said township and range, and the timber on said lands was intended to be conveyed by said contract. The description of section 3 instead of section 2 was a mutual mistake and error. This contract was acknowledged and recorded in the office of the county clerk of McCurtain county on April 12, 1923. Afterward, and on July 3, 1924, said mistake in the description was discovered, and the said Green McKinney executed and delivered to the plaintiff his contract of that date by which he conveyed to the plaintiff all of the timber on said lands, said contract containing the proper description of the property conveyed. This corrected contract was acknowledged and filed for record July 3, 1924.

On August 11, 1923, the said Green McKinney executed and delivered to the defendants a contract, whereby he attempted to convey to said defendants all of the ash timber located on said lots 1, 2, 3, and 4 of section 3, township 5 south of range 25 east. This instrument was acknowledged and filed for record in the office of the county clerk of McCurtain county on December 1, 1923. After obtaining this conveyance the defendants went upon said lands, and commenced to remove the ash timber therefrom, and on July 28, 1923, the plaintiff commenced this action in the district court of McCurtain county to restrain the defendants from removing any of said timber from said lands.

Upon the issues thus framed the trial was had on January 13, 1924. Upon the trial it was agreed that the only question to be submitted to the court was the question of notice to the defendants of the plaintiff's title to said timber at the time the defendants took the conveyance from the said Green McKinney on August 11, 1923. At the close of the plaintiff's case the defendants interposed a demurrer to the evidence, which was sustained by the court, and the temporary injunction dissolved, and the case dismissed at the plaintiff's costs. The plaintiff filed a motion for a new trial, which was overruled, and plaintiff has duly appealed to this court.

Numerous errors are assigned for a reversal, among which are: (1) That the court erred in overruling plaintiff's motion for a new trial. (2) That the court erred in sustaining the demurrer of the defendants to the evidence of the plaintiff.

The evidence on the part of the plaintiff clearly established that it bought and paid for all of the timber on the lands described in the plaintiff's petition. The specific description contained in the contract by which it was conveyed was erroneous, but the general description referred to it as the allotment selected by Green McKinney, and the certificate had been issued and recorded and contained the proper description. Before the error was corrected, and probably before it was discovered by the plaintiff, the defendants took a conveyance of a certain portion of the timber upon said lands, and the lands were rightly described in the conveyance to the defendants, but this in no way changes the situation. The conveyance to the plaintiff, however defective, was good against the world, except a bona fide purchaser in good faith without notice of the plaintiff's claim. When the plaintiff proved that it bought and paid for this property, that it was the intention of the grantor and grantee to convey the identical property described in its petition, that the misdescription was due to a mutual mistake and error, it made out a prima facie case, and the burden of proof was upon the defendants to show that they purchased and paid for the property in good faith and without notice of the plaintiff's ownership thereof.

It is settled in this jurisdiction that the

de.ense of innocent purchaser for value without notice is an affirmative defense, and the burden is upon the party pleading such defense to establish it upon the trial. In Bruce et ux. v. Overton et al., 54 Okla. 350, 154 Pac. 340, this court says:

"The answer of the defendants did not set up that they were innocent purchasers for value without notice of the outstanding title, and neither the evidence introduced nor the agreed statement of facts touched upon that question. While the authorities seem to be somewhat in conflict as to who has the burden in such a case, we think that the weight of authority and the better reason are to the effect that the person who claims to be an innocent purchaser of land for value and without notice of a prior unrecorded deed, or other instrument showing an outstanding title, must both plead and prove the facts necessary to constitute him an innocent purchaser, 39 Cyc. 1778-1782; Brooks v. Garner, 20 Okla. 236, 94 Pac. 694, 97 Pac. 995; Bell v. Pleasant et al., 145 Cal. 410, 78 Pac. 957, 104 Am. St. Rep. 61; Eversdon v. Mayhew, 65 Cal. 163, 3 Pac. 641; Bates v. Bigelow, 80 Ark. 86, 96 S. W. 125; Hannan v. Seidentoph, 113 Iowa, 658, 86 N. W. 44; Lloyd v. Simons, 90 Minn. 237, 95 N. W. 903; Bowman v. Griffith, 35 Neb. 361, 53 N. W. 140; Holland v. Farris (Tex. Civ. App.) 107 S. W. 102; Seymour v. McKinstry, 106 N. Y. 230, 12 N. E. 348, 14 N. E. 94; Clark v. Lambert, 55 W. Va. 512, 47 S. E. 312."

And the rule announced in this case has been followed in Scott et al. v. Woods Lumber Co., 86 Okla. 185, 207 Pac. 449, and Gay et al. v. Williams et al., 102 Okla. 37, 226 Pac. 88.

It is contended by the defendants that there was no evidence going to prove that the defendants were insolvent, or that the injuries threatened were irreparable, and that the ruling of the court on the demurrer should be sustained for this reason.

As a general rule, in order to make out a case for injunctive relief, the plaintiff must show that he is without speedy and adequate remedy at law, and in some cases it is necessary to show that the defendant is insolvent, or that he cannot be made to respond in damages. Crutcher v. Johnstone, 62 Okla. 92, 162 Pac. 201.

In the instant case the defendants admitted that they were cutting and removing the timber at the time the suit was brought, and intended to continue to do so unless enjoined by the court. The trespass complained of was continuing in its nature. And it is generally held that the continuing cutting of timber is a trespass of such character as will be enjoined by a court of equity:

and the right to an injunction in such cases is not affected by the solvency or insolvency of the defendants. 32 C. J. 142, sec. 189. 14 R. C. L. sec. 160, p. 460; Bettes v. Brower, 184 Fed. 342; Teachout v. Clough et al., (Mo.) 127 S. W. 672; Boots v. Boring Junction Lumber Co. (Ore.) 92 Pac. 811.

Besides, the stipulation above referred to, in effect, eliminated proof upon all of the allegations maintained in the pleadings, with the exception of the question as to whether or not the defendants were bona fide purchasers without notice.

It is further contended that the timber sale contract, under which the plaintiff claimed, is void, for the reason that it is violative of the Act of Congress restricting the full-blood Indian from alienating, disposing of, or incumbering the lands allotted to him. It is conceded that such allottees have the right to dispose of the timber upon such allotments, but the contract in this case provides, in effect, that the plaintiff shall have the right to enter upon said lands for the purpose of removing said timber, and that all of said timber shall be cut and removed within five years from the date thereof. This, it is contended, renders the contract void. If the plaintiff could legally purchase the timber on said allotment, it could undoubtedly contract for a reasonable time in which to remove it therefrom. What would be a reasonable time would depend upon the character of the timber, the condition of the lands, and the obstacles opposing, and the facilities favoring, the removal thereof, and the conditions surrounding the parties at the time the contract was made.

There is nothing in the pleadings or evidence tending to show what would be a reasonable time in this case, and we cannot say as a matter of law if five years is not a reasonable time. Mitchell-Crittenden Tie Co. v. Crawford, 61 Okla. 191, 160 Pac. 917.

Other questions argued in the brief are unnecessary to a determination of this case, and for the reasons stated the judgment of the trial court is reversed, and the cause remanded, with directions to set aside the order sustaining the demurrer, and entering judgment for the defendants, and to grant a new trial, and to further proceed with the case in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 39 Cyc. pp. 1778, 1780; anno. 36 L. R. A. (N. S.) 1125; 27 R. C. L. p. 718; 4 R. C. L. Supp. p. 1764. (2) 32 C. J. pp. 142, 143, §189; anno. 22 L. R. A.

233; 43 L. R. A. (N. S.) 262; L. R. A. 1917C, 236, 14 R. C. L. p. 460; 3 R. C. L. Supp. p 235. (3) 31 C. J. p. 503, §52.