FILED
United States Court of Appeals
Tenth Circuit

July 8, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KEITH ALLEN KINDLE, personal
representative of the estate of Billie Dell
Howard, deceased,

      Plaintiff - Appellee,

v.

JANET T. TAYLOR, Trustee of the JTT
Trust,

      Defendant - Appellant.

No. 20-7063
(D.C. No. 6:18-CV-00209-KEW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

This case is a dispute over roughly fifty-two acres of land in Adair County,

Oklahoma. Richard M. Taylor, now deceased, once owned the land, and he granted

two deeds to it: one to his daughter, Janet Taylor; the other to his friend,

Billie Howard, also now deceased. Ms. Howard's estate brought this action against

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Taylor to quiet title to the land. The district court granted summary judgment to the estate. We affirm.

## I. Background

The parties do not dispute the following facts about their competing deeds to the land.

- Ms. Taylor's deed was executed December 7, 2001, and recorded July 17, 2003. It identifies as consideration the "love, regard and affection of my daughter and the sum of" ten dollars. Aplt. App. at 79.

- Ms. Howard's deed was executed April 24, 2002, and recorded April 29, 2002. It identifies as consideration the sum of ten dollars "and other valuable considerations." *Id.* at 78.

In short, Ms. Taylor's deed was executed first, but Ms. Howard's deed was recorded first.

Ms. Howard's estate sued to quiet title to the land in state court. Ms. Taylor removed the case to federal district court, invoking the court's diversity jurisdiction.

Oklahoma law governs this case. Under Oklahoma law, "no deed . . . shall be valid as against third persons unless acknowledged and recorded." Okla. Stat. tit. 16, § 15. A third person, for purposes of this statute, means an innocent purchaser for value. *Whitehead v. Garrett*, 185 P.2d 686, 688 (Okla. 1947). An innocent purchaser for value, in turn, means one who has (1) purchased in good faith, (2) for valuable consideration, and (3) without notice. *Exch. Bank of Perry v. Nichols*, 164 P.2d 867, 876 (Okla. 1945).

2

In the district court, Ms. Taylor did not dispute that Ms. Howard's estate would prevail if Ms. Howard was an innocent purchaser for value. The parties disagreed, though, about the burden of proof governing whether Ms. Howard held that status. For its part, the estate argued that Oklahoma law creates presumptions about certain facts bearing on whether Ms. Howard was an innocent purchaser for value—for example, that she paid valuable consideration. The estate further argued that Ms. Taylor bore the burden to rebut these presumptions by clear and convincing evidence. Ms. Taylor, by contrast, argued that the estate bore the burden to prove that Ms. Howard was an innocent purchaser for value without help from any presumptions.

Ms. Taylor moved for summary judgment, arguing in part that Ms. Howard was not an innocent purchaser for value because she did not pay valuable consideration for her deed. Ms. Howard's estate responded, and the district court construed the response to include a request for summary judgment in its favor. The district court concluded that Okla. Stat. tit. 16, § 53[1] creates a presumption that Ms. Howard paid valuable consideration, that Ms. Taylor "offered no clear or convincing evidence that rebuts the presumption," Aplt. App. at 256, and that Ms. Howard was an innocent purchaser for value. The court granted summary judgment to the estate.

---

[1] Under § 53, a "recorded signed document relating to title to real estate creates a rebuttable presumption with respect to the title that," among other things, "[a]ny necessary consideration was given." § 53(A)(4).

## II.  Discussion

Ms. Taylor argues the district court erred by presuming under § 53 that Ms. Howard paid valuable consideration to determine that she was an innocent purchaser for value.[2]  Because Ms. Taylor appeals only whether Ms. Howard paid valuable consideration, however, we can affirm without even considering § 53, for the Supreme Court of Oklahoma has presumed that deeds are supported by valuable consideration under a different statute, Okla. Stat. tit. 15, § 114.  And because § 114 supports the district court's decision to presume Ms. Howard paid valuable consideration, we need not predict whether the Supreme Court of Oklahoma would conclude that § 53 also supports that decision.

### A.  Standard of Review

We review de novo a district court's decision to grant summary judgment, applying the same standard governing the district court's analysis.  *Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 758 (10th Cir. 2020).  Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

### B.  Oklahoma Law Presumes Ms. Howard Paid Valuable Consideration

In diversity cases, federal courts apply state law with the goal "of obtaining the result that would be reached in state court."  *Butt v. Bank of Am., N.A.*, 477 F.3d

---

[2] Ms. Taylor does not appeal the district court's conclusions that Ms. Howard acted in good faith and without notice of Ms. Taylor's unrecorded deed.

1171, 1179 (10th Cir. 2007). To ascertain and apply Oklahoma law, we look to the most recent decisions from the state's highest court. *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 886 (10th Cir. 2011).

Section 114 provides, in its entirety, "A written instrument is presumptive evidence of a consideration." The Supreme Court of Oklahoma applied § 114 to a deed in *Woodruff v. Woodruff*, 418 P.2d 642 (Okla. 1966). The plaintiffs in *Woodruff* sought to quiet title to property based on a deed they received as a gift. 418 P.2d at 644. The defendant's deed to the disputed land had been executed before, but recorded after, the plaintiffs' deed. *Id.* at 643–44. The plaintiffs sought "to establish the superiority of their title" because they had filed their deed first. *Id.* at 646. Their argument relied "upon the premise that there was no money consideration for defendant's deeds." *Id.* The court rejected the argument, in part because "a validly executed deed is presumed to be supported by valuable consideration." *Id.* (internal quotation marks omitted). This presumption, created by § 114, "can be rebutted only by clear and positive evidence to the contrary," *Woodruff*, 418 P.2d at 646 (internal quotation marks omitted); *see also* Okla. Stat. tit. 15, § 115 ("The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it.").

*Woodruff* controls the issue before us—whether Oklahoma law presumes Ms. Howard paid valuable consideration. Ms. Taylor, like the plaintiffs in *Woodruff*, argues that she holds superior title to the disputed land. She recognizes that her argument must fail if Ms. Howard was an innocent purchaser for value, a status that,

5

at this point in the case, turns on whether Ms. Howard paid valuable consideration. Under *Woodruff*, the estate enjoys a rebuttable presumption that Ms. Howard's deed was "supported by valuable consideration." 418 P.2d at 646 (internal quotation marks omitted). And Ms. Taylor does not claim to have overcome that presumption; indeed, she does not challenge the district court's conclusion that she offered only "conjecture, speculation, and assumptions" to support her argument that Ms. Howard did not pay valuable consideration. Aplt. App. at 256.

*Woodruff* also refutes any argument that § 114's presumption applies to questions about legal title but not to questions about equitable title.[3] In Ms. Taylor's view, a presumption of consideration would apply if she were challenging the estate's deed itself; but the presumption does not apply, she says, because she instead challenges the estate's rights under the deed. Yet *Woodruff* applied § 114 not to assess the validity of the defendant's deed, but rather to assess the rights of the parties under their competing deeds.[4] *See* 418 P.2d at 646. Our analysis in this case does the same.

---

[3] Ms. Taylor's argument seeking to distinguish legal title from equitable title focuses on § 53. But she argues that § 53's consideration presumption is based on § 114, so we will assume her argument applies to both § 53 and § 114.

[4] In addition to claiming superior title between competing deeds, the plaintiffs in *Woodruff* challenged the signatures on the defendant's deeds. 418 P.2d at 645. But the court applied § 114 as it assessed the parties' rights under their competing deeds, specifically in response to the plaintiffs' argument that the defendant's deeds "were executed as a gift and without consideration." *Id.* at 646 (internal quotation marks omitted).

6

Ms. Taylor's reliance on *Adams Oil & Gas Co. v. Hudson*, 155 P. 220 (Okla. 1915), does not persuade us to disregard *Woodruff*. The *Hudson* court required the party claiming to be an innocent purchaser for value to prove that status, and in deciding whether the party met its burden, the court did not presume the party paid valuable consideration. 155 P. at 222. But we must seek guidance from the most recent decisions of the Supreme Court of Oklahoma. *See Coll*, 642 F.3d at 886. *Hudson* is more than fifty years older than *Woodruff*. So to the extent *Hudson* and *Woodruff* conflict, we will follow *Woodruff*. And we are unaware of a decision in which the Supreme Court of Oklahoma has disavowed its analysis in *Woodruff*, an analysis that, in determining the parties' rights under competing deeds, presumed the holder of a deed paid valuable consideration.

To be sure, as Ms. Taylor highlights, the Supreme Court of Oklahoma has required a party claiming to be an innocent purchaser for value to prove that status.[5]

---

[5] In a related argument, Ms. Taylor claims that the estate needed to plead innocent-purchaser status as an affirmative defense under Federal Rule of Civil Procedure 8(c). But Ms. Taylor does not explain why the estate, as the plaintiff, should have been required to plead affirmative defenses when Ms. Taylor's answer did not raise any counterclaims. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (recognizing that "it is the defendant's burden to plead an affirmative defense"). Besides, we strive to "avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of" Rule 8(c), which is to ensure that an opposing party knows of any additional issue that may come up at trial so that he or she can be prepared to litigate it. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (internal quotation marks omitted). The estate's district-court filings make clear its position that Ms. Howard was an innocent purchaser for value. The pleadings in this case provide no reason to reverse.

*E.g.*, *Choctaw Lumber Co. v. McKeever*, 249 P. 712, 714 (Okla. 1926); *Bruce v. Overton*, 154 P. 340, 341 (Okla. 1916). But Ms. Taylor does not explain why, even if the estate had the ultimate burden to show Ms. Howard's status as an innocent purchaser for value, it could not rely on a rebuttable presumption to establish an element of that status—that Ms. Howard paid valuable consideration. For that reason, we see no conflict between our analysis and cases placing the ultimate burden on the party claiming to be an innocent purchaser for value to prove its status. Even if such a conflict did exist, the result in this case would remain the same because, once again, we would follow the most recent decisions from the Supreme Court of Oklahoma. *See Coll*, 642 F.3d at 886. The cases Ms. Taylor cites that discuss the burden to prove innocent-purchaser status all predate *Woodruff*. And on the narrow issue of whether Ms. Howard paid valuable consideration, *Woodruff* makes clear that Ms. Taylor had the "burden of countermanding, by clear and positive evidence, the presumption of consideration that accompanied" the estate's deed. 418 P.2d at 646.

We recognize that our analysis differs from the district court's: we rely on § 114, as applied in *Woodruff*, while the district court relied on § 53. But we have discretion to affirm on any ground that the record sufficiently supports. *Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004). Several factors inform whether we should exercise that discretion: whether the parties briefed and argued the alternative ground here and in the district court, whether the parties had a fair opportunity to develop the factual record, and whether our decision would depend only on a legal question. *Id.* Our analysis in this case turns on a legal issue: whether Oklahoma law

8

presumes Ms. Howard paid valuable consideration. That issue is resolved by *Woodruff*, a case cited by the district court in its opinion and cited by both parties in the district court and on appeal. These circumstances support our decision to rely on *Woodruff*'s application of § 114.

III. <u>Conclusion</u>

We affirm the district court's judgment.

Entered for the Court


Carolyn B. McHugh
Circuit Judge
