GARDNER ET AL. V. EARLY ET AL.

THE SAME V. THE BLAIR TOWN LOT AND LAND CO.

1. **Deed**: FAILURE TO RECORD: INNOCENT PURCHASER: NOTICE THROUGH AGENT: BURDEN OF PROOF. Plaintiffs claim title to the land in controversy by a warranty deed directly from I. Defendants also base their claim upon a warranty deed from I. to their grantor. Plaintiff's deed was first executed, but was not filed for record until after the deed under which defendants' claim had been executed. *Held* that defendants had the burden to establish that their grantor was an innocent purchaser for value, without notice (following cases cited in opinion,) but that they had failed to do so; it appearing from the evidence that their grantor had knowledge of the prior deed. And it further appearing that the defendants, either by themselves or their agent, had such knowledge of the conveyance to plaintiffs as to require them, in order to protect themselves against plaintiffs' title, to ascertain the facts in reference thereto, *held* that plaintiffs' title must prevail.

2. ———: IN SATISFACTION OF DEBTS: SUBSEQUENT ACTION TO COLLECT DEBTS: ESTOPPEL TO CLAIM TITLE. I. deeded land to defendants in consideration of the payment by defendants of certain debts of I., for which they were his indorsers. After paying the debts they brought suit and recovered judgment by default against I. for the whole amount paid out by them, and sought to collect the judgment. *Held* that, the contract resulting in the deed having been executed, defendants were not estopped by their subsequent conduct from claiming title to the land. (Compare *Lake v. Gray*, 35 Iowa, 459, and see opinion for cases distinguished.)

*Appeal from Woodbury District Court*—HON. C. H. LEWIS, *Judge.*

TUESDAY, OCTOBER 11.

THESE actions are in equity, and involve the title to 160 acres of land in Woodbury county. The plaintiffs claim to be the owners of the whole tract, and the defendant Early and the Blair Town Lot & Land Company each claim to own eighty acres thereof by conveyance from Mary A. Ingalls, who is the daughter-in-law of plaintiffs' grantor. The evidence tended to show that the husband of Mary A. Ingalls was insolvent, and doing business in her name; that he acted as her agent in all matters pertaining to business; and that

she had no knowledge of the transaction, except what he told her ; and that he had been informed of the transfer to plaintiffs. It also appeared that the defendant Early acted for the land company as well as for himself in completing the arrangements for the purchase of the land, and in examining the title thereto ; and that while examining the title, and before any payment had been made, he learned of the existence and record of plaintiffs' prior deed, and instructed the real estate agent to procure a quitclaim from plaintiffs. The other facts appear in the opinion. Both cases involve the same questions. Decrees were rendered in the district court for the plaintiffs, and the defendants appeal.

*E. R. Duffie* and *Joy, Wright & Hudson*, for appellants.

*J. H. & C. M. Swan*, for appellees.

ROTHROCK, J.—I.   The material facts in the case are as follows :   David W. Ingalls was the owner of the land in controversy.   On the 12th day of August, 1879, he conveyed the same to the plaintiffs herein by warranty deed, and for a named consideration of one dollar.   The real consideration for the conveyance arose out of the following facts :   Ingalls, at some time prior to the conveyance, had become involved in debts beyond his ability to meet, and plaintiffs indorsed his notes for large sums of money. His property was nearly exhausted, and there yet remained outstanding and unpaid obligations against him to the amount of about $6,000, and upon which the plaintiffs were held as indorsers.   To secure them from loss, they held a mortgage upon property from which they afterwards realized some $3,000.   When the land was conveyed to the plaintiffs, it was estimated that they would be compelled to pay something more than $3,000 for Ingalls, for which they held no security, and nothing by way of indemnity.   The conveyance of the land in controversy was made upon the agreement that in consideration thereof the plaint-

1. DEED: failure to record: innocent purchaser: notice through agent: burden of proof.

iffs would discharge all of the debts of Ingalls for which they were held as indorsers, and the transaction was to be a full settlement of all matters between them. The conveyance to the plaintiffs was not filed for record until the 9th day of August, 1881. Before this deed was filed for record, and on the 21st day of February, 1881, David W. Ingalls conveyed the same land, with other lands, to Mary A. Ingalls, by a deed of general warranty, which was filed for record on the 28th day of February, 1881. On the 28th day of May, 1883, Mary A. Ingalls and her husband conveyed the land in controversy, with the other lands above referred to, to D. Carr Early, and the deed was filed for record June 25, 1883, and on the same day Early conveyed eighty acres of the land in controversy to the Blair Town Lot & Land Company.

It will be observed that the plaintiffs were the owners of the land at the time of the conveyance by D. W. Ingalls to Mary A. Ingalls, but their deed was not recorded. And if the deed to Mary A. Ingalls was taken by her in good faith, and for a valuable consideration, without notice of the prior conveyance to the plaintiffs, she and her grantees would hold the land as against the plaintiffs. But it was incumbent on Mary A. Ingalls to show that she was an innocent purchaser for value, without notice. *Sillyman v. King*, 36 Iowa, 207 ; *Nolan v. Grant*, 53 Id., 392 ; *Fogg v. Holcomb*, 64 Id., 621. Upon this question of fact, we think she has failed in her proof. Indeed, it appears to us that the very decided preponderance of the evidence is to the effect that, when she took her conveyance, she knew that the land had been sold and conveyed to the plaintiffs. We are also of the opinion that Early, and, through him, the land and town lot company, had such knowledge of the conveyance to the plaintiffs as to have required them, in order to protect themselves against the plaintiffs' title, to ascertain the facts in reference thereto. We do not, in cases of this character, discuss the evidence upon which we base our findings of fact, but content ourselves with stating our conclusions.

II. Ordinarily, the foregoing findings would be conclusive of the rights of the parties, and lead directly to an affirmance of the decrees of the district court. But counsel for appellants contend that the title conveyed by Ingalls to the plaintiffs was extinguished and lost by certain acts of the plaintiffs after the conveyance was made. We will proceed to consider this ground of objection to the decrees. It appears that in August, 1883, the plaintiffs commenced an action against Ingalls for the amount of the debts for which they were his indorsers, and recovered a judgment against him for the whole amount which they were to pay him for the land in controversy. The action was brought in Madison county, New York, where the parties reside. Ingalls made no defense to the action, and judgment was rendered against him by default, and certain supplemental proceedings were had, in which Ingalls and others were examined under oath touching the property of Ingalls; the object being to discover property upon which to levy and satisfy the judgment. It is claimed by counsel for appellant that these acts of the plaintiff divested them of their title to the land in controversy, or, in other words, that, having adopted this remedy to collect their claim of Ingalls, they are now estopped from asserting title to the land. We are cited to numerous adjudged cases, in which it is claimed that the principle contended for has been adopted by the courts. We have carefully examined all of the cited cases. Among them may be found the case of *Titsworth v. Titsworth*, 1 Clarke, Ch., 272 ; *Martin v. Boyce*, 49 Mich., 122 ; S. C. 13 N. W. Rep., 386 ; *Yourt v. Hopkins*, 24 Ill., 326 ; and *Sanger v. Wood*, 3 Johns, Ch., 416.

These and other cases hold that, where a party has one of two remedies for the redress of a wrong or the enforcement of a money demand, and he proceeds by legal proceedings for redress by one remedy, he is precluded from afterwards resorting to the other. But in all the cited cases the facts

2. ——: in satisfaction of debts: subsequent action to collect debts: estoppel to claim title.

show that the plaintiffs' rights rested upon executory con-tracts.    In the first cited case, the plaintiff bought land, took possession of it, and improved it, and afterwards the defend-ant conveyed the land to another.    The plaintiff did not seek a specific performance of the contract, but made a settlement with the defendant, who agreed to pay him for the land and improvements.    It was held that this settlement was a bar to an action for a lien upon the land for purchase-money and improvements.    Other cited cases refer to executory contracts with reference to personal property, and personal rights and obligations.    We are very clear that the rule invoked can have no application to the facts disclosed in this case.    The deed in question conveyed the land to the plaintiffs, with cov-enants of general warranty.    Their title was not dependent on any condition, subsequent or otherwise.    Their failure to pay the purchase-price did not divest them of the title and ownership of the land.    Such failure was simply a breach of their promise, for which Ingalls had an action.    The failure to deliver up the notes in payment of the land as agreed upon does not invalidate the deed.  *Lake v. Gray*, 35 Iowa, 459. The deed can only be set aside for fraud.    The defendants are in no position to attack the plaintiffs' title upon the ground that the deed was without consideration.    Having taken their conveyance with notice of the plaintiffs' deed, they stand in the shoes of Ingalls, and have no more right to question plaintiffs' title than he had.

We think the decrees of the district court must be
                                                          AFFIRMED.