## T. J. Goree v. M. F. Goree.

### Decided January 24, 1900.

**1. Witness—Plaintiff Calling Defendant—Credibility.**

One who calls the opposite party as a witness thereby vouches for his credibility.

**2. Same—Homestead—Fraud—Notice.**

Plaintiff seeking to set aside a sale, by herself and husband, of their homestead, to defendant, her father-in-law, because designed by the husband in contemplation of abandoning her and to defraud her of her homestead rights, called defendant as a witness, who denied knowledge of such intention to defraud or abandon her at the time the deed was taken. Held that, in the absence of testimony to establish such knowledge, a recovery in her favor should be set aside.

**3. Fraud—Notice Putting on Inquiry—Charge.**

Facts imputing notice of fraud through putting on inquiry should be stated to be such as would arouse inquiry from one of ordinary prudence, rather that of ordinary intelligence.

**4. Same—Ability to Discover.**

In order to charge notice of fraud from facts putting one on inquiry, it should appear with reasonable certainty that the inquiry would have resulted in discovery.

APPEAL from Milam.  Tried below before Hon. W. G. TALIAFERRO.

*Hefley, McBride & Watson,* for appellant.

*Ralston & Pool,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is an action to set aside a deed upon the ground of fraud.  Verdict and judgment were rendered for the plaintiff, and the defendant has appealed.

The plaintiff married W. T. Goree, a son of the defendant, and went to live with him upon the land in controversy, it being his separate property and constituting their homestead.  About two weeks thereafter W. T. Goree abandoned the plaintiff, and has not lived with her since.  On the day before the abandonment, W. T. Goree and the plaintiff executed a deed, in regular form and properly acknowledged, conveying the land to the defendant for a consideration of $2300.  This deed the plaintiff seeks to cancel, upon the ground that she was induced to execute it, and thereby dispose of her homestead, upon the fraudulent promise of her husband to buy for them and move to another homestead in another county; he intending at the time the promise was made and the deed executed to abandon her and not fulfill his promise to procure another homestead for her.  She also charges that the defendant, at and before the execution of the deed, had knowledge of W. T. Goree's fraudulent purpose, and conspired and confederated with him for the purpose of defrauding her.

We have carefully considered the entire record, and have reached the conclusion that there is no evidence that will support a finding that the defendant had any notice of the fact that W. T. Goree intended to abandon his wife and not fulfill his promise to buy her another home, at the time he bought the land and the deed was executed.  The plaintiff made the defendant her witness, thereby vouching for his credibility (Paxton v. Boyce, 1 Texas, 325); and he testified that he had no knowledge of the contemplated abandonment until the day after the deed was executed.  And no other witness testified to any fact or circumstance inconsistent with his testimony on that subject; nor was any circumstance shown which would have put a prudent man upon inquiry to ascertain if W. T. Goree intended to defraud the plaintiff.  We therefore sustain the assignment of error which complains of the verdict.

There are some inaccuracies in the court's charge of which appellant complains, which should be corrected upon another trial.  The charge gives this definition of the term "notice:"  "By the term notice is meant the knowledge of any fact or facts that would inform the defendant of the fraudulent intent of W. T. Goree, or that would put a person of ordinary intelligence upon inquiry as to such fraudulent intent."

We think the charge should have used the word "prudence," instead of the word "intelligence;" and it should have gone further on the subject

of inquiry, because the rule ·is, that in order to show notice by showing a knowledge of facts which would put a person of ordinary prudence upon inquiry, it must also appear with reasonable certainty that inquiry would have resulted in a discovery of the intended fraud.   The judgment is reversed and the cause remanded.

*Reversed and remanded.*