**PYEATT et al. v. ESTUS et al.**

No. 4947—Opinion Filed June 6, 1916.

On Rehearing, March 18, 1919.

(179 Pac. 42.)

(Syllabus.)

1. **Appeal and Error—Proceedings on Appeal—Bar—Settlement.**

Motion to dismiss this appeal was filed, alleging that subsequent to the rendition of judgment in this case the plaintiffs in error filed suit against a certain surety company as bondsmen of the former guardian, who, it was alleged, had defaulted. Held, that such facts do not show the controversy at issue to be settled nor constitute a bar to the further prosecution of this proceeding.

2. **Appeal and Error—Equity Case—Weight of Evidence—Review.**

In a case of equity jurisdiction, this court will examine the whole record, and if it clearly appears that the judgment of the trial court is contrary to the preponderance or weight of the testimony, or a gross injustice committed, will render such decree as should have been entered, or reverse with directions for such decree to be entered in the trial court.

3. **Guardian and Ward—Petition for Sale of Land—Sufficiency.**

While the petition filed in the county court for the sale of the minors' lands was rather general and in stereotype form, yet the same set out sufficient facts to confer jurisdiction upon the court to consider the necessities of the sale and to order said lands sold.

4. **Judgment—Validity—Jurisdiction.**

When a court has acquired jurisdiction both of the subject-matter and the parties, yet, if it renders a judgment not authorized by law, such judgment is, as a general rule, void.

5. **Same.**

After a court has acquired jurisdiction over the subject-matter and the parties, it should clearly appear that the court exceeded its authority in the particular judgment rendered before such judgment should be held to be void.

6. **Guardian and Ward — Sale of Land—Judgment—Validity.**

It is not clear that the judgment of the county court ordering the sale of the minors' lands was not within the provisions of the statute and warranted by the facts. Hence said judgment is not void for such reason.

7. **Same—Validity of Sale.**

The facts show that the lands involved belonging to the minor plaintiffs were ordered sold for cash in hand; that they were purchased at the guardian's sale by M. for himself and associates V. and H. for the sum of $26,000 to be paid cash; that before the conveyances were made said purchasers sold said land to the defendant E. for an agreed consideration of $48,620, $15,000 of which amount was to be paid in cash, obtained by negotiating a loan on the lands in question, the balance to be paid in Oklahoma City property and second mortgage lien notes; that the $15,000 cash secured on the lands was turned over to Allen Cash, as guardian,

and the conveyance was made to Allen Cash individually to certain Oklahoma City property, valued at approximately $28,000. The facts further show that the said purchasers colluded with the guardian for the purpose of securing title to the minor's lands in the manner stated. Held, that such facts rendered the conveyances to said land void.

### 8. Same—Bona Fide Purchaser.

All of the conveyances involved were executed in the office of the attorney for the defendants Prudential Insurance Company of America and the Deming Investment Company, and that such attorney investigated and passed upon the title to said lands involved, and in making such investigation secured such information as to the fact that the full purchase price of said lands was not paid in cash sufficient, if reasonable diligence had been used, would have obtained knowledge of all facts. Held, that said loan companies were not innocent bona fide incumbrancers without notice.

### 9. Attorney and Client—Existence of Relation—Notice to Attorney.

The defendant E., the purchaser of said lands, intrusted the examination and approving of the title to the attorney for the loan companies who performed said services without additional charge to her. Held, under the laws, the relation of attorney and client existed between such attorney and purchaser, and such purchaser was bound by such notice and knowledge as was acquired by such attorney in examining and passing on said titles.

### 10. Guardian and Ward—Sale of Land—Action to Vacate—Evidence.

Upon an examination of the entire record, it is found that the judgment of the trial court is clearly contrary to the weight of the testimony, and that said judgment should be reversed and the relief prayed for granted, upon the conditions stated in the opinion.

(Syllabus by Linn, C.)

Error from District Court, Garvin County; R. McMillan, Judge.

Action by Alvin F. Pyeatt, guardian, and others against Jennie C. Estus and others. Judgment for defendants, and plaintiffs bring error. Reversed, with directions to enter decree for plaintiffs.

C. G. Moore, Albert Rennie, Jno. A. McClure, and Burwell, Crockett & Johnson, for plaintiffs in error.

F. A. Gillette, Wm. H. McNeal, Chas. B. Mitchell, Thompson & Patterson, Blanton & Andrews, Geo. W. Welch, and J. J. Carney, for defendants in error.

Opinion by LINN, C. (Plaintiffs in error will be designated plaintiffs, and defendants in error, defendants.) The plaintiffs are minor children of A. P. Cash, suing through their legal guardian, A. F. Pyeatt, the purpose of which suit is to have canceled certain conveyances to the lands involved, which comprise the allotments of said minors and their deceased mother. Briefly stated, the grounds of recovery alleged are that the probate proceedings under which said lands were sold and conveyed to the defendants were void, in that the petition failed to allege facts sufficient to give the county court jurisdiction, and, further, that the order of the court authorizing the sale was based upon a ground not alleged in the petition or provided for by law, therefore void. It is further alleged that by reason of fraud practiced by the defendants A. L. McDonald, T. H. Vaughan, and Henry Hickman, in collusion with the defendant A. P. Cash, father and legal guardian of the minor plaintiffs, as a result of which fraud the purchase price for which said lands were sold was not paid in cash, and partly in cash and partly in depreciated property situated in Oklahoma City; that such fraud and conduct of said defendants was known to the other defendants, or by the use of ordinary diligence might have been known, and by reason thereof the title to said lands did not vest under and by reason of said conveyances. The defendants A. L. McDonald and T. H. Vaughan filed answer, denying generally and specifically the allegations of the petition and setting up the probate proceedings and the conveyances thereunder. Defendants Prudential Insurance Company of America and the Deming Investment Company denied any knowledge of the fraud, and relied upon said probate proceedings, and claimed to be mortgagees for value without notice or knowledge of any fraud as alleged. The defendant Jennie C. Estus denied generally and specifically the allegations of the petition, and relied on her purchase, and avers she is a bona fide purchaser in good faith and without notice of any fraud, as alleged. Said proceedings came on for trial to the court without the intervention of a jury, and upon the conclusion of the testimony the court found generally in favor of the defendants, holding that said probate proceedings were regular and in accordance with the law, and that none of said defendants were guilty of any fraud affecting the title to any of said land. The court also found that the full agreed price of said land had been paid in cash. From this judgment the plaintiffs have prosecuted their appeal by filing their petition in error, with origin-

al case-made attached. There seems to be but little dispute in the testimony, but the controversy mainly arises over the question as to what conclusion the facts show. Briefly stated, the undisputed evidence shows that the defendants A. L. McDonald, T. H. Vaughan, and one Henry Hickman conceived the idea that it would be to the interest of these minors that their allotments, aggregating about 750 acres of Washita Valley lands, were insufficient to maintain and educate said minors, and that the climatic condition was not conducive to their continued good health; hence that it would be greatly to the interest of said minors that their father and legal guardian should cause said lands to be sold to these parties and the proceeds thereof invested in other property or held by the guardian to be paid out for maintenance, etc. Feeling thus concerned about the plaintiffs' welfare, they induced the guardian to file a petition for the purpose of causing said lands to be sold, and agreed with him in advance, that they would guarantee to bid upon said land the sum of $26,000, and each of the three gentlemen, as the testimony shows, deposited $250 in a bank at Maysville, guaranteeing their good faith, and that they would bid the stipulated amount at the sale. The petition was filed, and in due time the court made an order directing the guardian to proceed to sell said lands at public sale for cash in hand. Said sale was made, and the defendant A. L. McDonald, for himself and associates, purchased the land, agreeing to pay therefor the sum of $26,000. This sale was made on March 26, 1910. About the time or soon after the lands had been bid in by the defendant A. L. McDonald he found a purchaser for the same in the personage of Mrs. Jennie C. Estus, and contracted to convey these lands to her for the consideration of $48,620, $15,000 of which was to be paid in cash, which money was to be secured by the said defendant Jennie C. Estus, negotiating a loan upon the property involved; and the balance to be paid by executing certain notes and mortgages aggregating $5,500 as commission due the first defendants named in looking after the interest of the minors by inducing the guardian to cause said lands to be sold. That the guardian A. P. Cash learned that said property had been resold for a consideration of $48,620, and, feeling that there was too much profit being made in which he was not to share, he managed to convince himself that it was not for the best interest of the minors to carry out said deal; hence refused to execute a conveyance.

After much persuasion and coercion without avail, defendant Vaughan conceived the idea that his family physician, Dr. Price Patterson, might be used as a convenient instrument to again convince the said father and guardian of the advantages of said sale and induce him to execute the deed, and for his services he was paid the sum of $500. After a brief period of time Dr. Patterson reported that he was successful, and that the sale would go through, provided that the Oklahoma City property, which was valued at the sum of $28,620, should be conveyed personally to A. P. Cash, which, in addition to the $15,000 borrowed on said property, and the second mortgage of $5,500, was to constitute the full consideration for said conveyances. Said parties, including Dr. Patterson, in company with A. P. Cash and his wife, proceeded to Oklahoma City and in the office of the attorney of the Prudential Insurance Company and the Deming Investment Company met defendants A. L. McDonald and Jennie C. Estus, where, after some parleying and discussion for two or more days, all of the various instruments, conveyances, mortgages, etc., were executed on or about the 30th day of September, and under an agreement they were all placed in the hands of W. H. McNeal, attorney for the Deming Investment Company and the Prudential Insurance Company, before whom practically all of the instruments were acknowledged, and who also acted as agent or attorney for the defendant Jennie C. Estus, without compensation, however, from her, and which instruments were recorded by him after the conditions under the agreement had been complied with. The record shows that the instruments were filled for record on the 10th day of October, 1910. Subsequently the defendant A. P. Cash was removed as guardian, and the present guardian, through whom this suit was filed, was appointed. There is some testimony in the record tending to show that the guardian A. P. Cash had defaulted and failed to account for certain moneys in his hands as guardian, and that a suit was instituted against certain surety companies as his bondsmen, which was compromised for a consideration paid of something over $9,000. This suit was instituted and settled after the judgment had been rendered in the present suit in the trial court.

We are met at the threshold of this controversy with a motion to dismiss, and the first ground urged is that the brief of plaintiffs in error does not comply with rule 26 of this court (47 Okla. x, 165 Pac. ix.) While

the brief does not strictly comply with this rule, yet it is a substantial compliance, and, this being an equity case and the interest of minors involved, this court would hestitate to dismiss a meritorious appeal where palpable injustice would be done to minors for failure on the part of counsel to strictly comply with the rule mentioned. It is further very earnestly insisted that the case should be dismissed for the reason that the matters in controversy have been compromised and settled, as alleged, in the motion, in a certain cause filed by the present guardian for the minors in May, 1913, against the former guardian and his sureties. Attached to said motion are certified copies of said proceedings and the settlement, etc. They now insist that the filing of said suit and the compromise was a settlement of all the matters in controversy in this suit, therefore, a bar to further proceedings in this case. In support of their contention, counsel cite the cases of Price v. Board of County Commissioners, 8 Okla. 121, 56 Pac. 959, Smith v. Boatman, 29 Okla. 818, 120 Pac. 599, and Tinker v. McLaughlin-Farrar Co., 29 Okla. 758. 119 Pac. 238, as being in point. Examination of these cases discloses that the actual controversy in the suits involved in the appeals there were actually settled pending the appeal, and it is only necessary to read the cases to prove their inapplicability to the question now before the court. We are of the opinion that had proceedings against the sureties on the bond been terminated prior to the trial of the present case, the settlement made could not have been successfully pleaded as a defense or a bar to the prosecution of the present suit. In such an instance the question of estoppel might have been a serious question, but we are clearly of the opinion that the motion to dismiss is not well taken, and the same is hereby denied.

Plaintiffs allege some 28 assignments of error, but we are of the opinion, under the view we take of this case, it is only necessary to consider the first two alleged:

"(1) Said court erred in overruling plaintiffs' motion for a new trial and in refusing to grant a new trial herein, to which plaintiffs in error duly excepted.

"(2) Said court erred in rendering judgment against plaintiffs in error in favor of defendants in error upon the facts proven, to which plaintiffs in error duly excepted."

Under these two assignments may be discussed the following propositions:

1. Did the petition filed by the guardian in the county court give the court jurisdiction to make an order authorizing the sale of the lands involved?

2. If it be held that such petition was sufficient, was the county court authorized and did it have jurisdiction to make and enter the order which was made authorizing the sale?

3. Does the preponderance and weight of the testimony show that there was such fraud practiced by the defendants in collusion with the guardian to render the sale and the attempted conveyances of the lands in question void?

4. Under the facts and circumstances disclosed by the record, should the defendants the Prudential Insurance Company of America, the Deming Investment Company, and Jennie C. Estus be held to be bona fide purchasers for value, without notice?

This being a cause of equity jurisdiction, the rule is that if the judgment of the trial court is clearly contrary to the weight of the testimony and resulting in an injustice to the plaintiffs, this court will weigh the testimony, and either enter such decree as should have been entered, or reverse and direct such a decree to be entered by the trial court. Schock v. Little Fish, 45 Okla. 12, 144 Pac. 584; Wimberly et al. v. Winstock et al., 46 Okla. 645, 149 Pac. 238.

We are of the opinion that the first question must be answered in the affirmative. While the petition filed in the county court by the guardian impresses us as being rather in stereotype form, yet it, in a general way, sets out the condition of the minors' estate, and alleged one of the grounds in the statute authorizing a sale and comes within the rule laid down in the cases of Sockey et al. v. Winstock et al., 43 Okla. 758, 144 Pac. 372, and Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433.

The second question presents a more difficult proposition. It is well settled by the authorities that a judgment may be void for want of authority in a court to render the particular judgment rendered though the court may have had jurisdiction over the subject-matter and the parties. Or, in other words, as applied to the case at bar, though the petition on file by the guardian requesting the sale of the minors' lands was sufficient to confer jurisdiction upon the court to grant the sale, yet, if the court finds that the grounds therein alleged are not supported by the facts, the question is, Would the court be authorized to enter a judgment ordering the sale of the land upon some other

ground not disclosed in the petition or not authorized by the statutes? If it were clear that the order of the court in the present instance, ordering the sale of the lands in question, was upon some ground not disclosed in the petition and not provided for by the statute, we would not hesitate to hold that such order would be void; but we entertain some doubt on this question, in that the court found in making the order that:

"It is necessary for the purpose of reinvestment and is for the best interests of said minors that said real estate should be sold."

Section 5498 of the Revised Laws of 1910 provides that the real estate of the ward may be sold for the purpose of maintaining and educating the ward, etc. Section 5499 provides, in substance, that if it appears to the satisfaction of the court upon the petition of the guardian that the ward's real estate should be sold and the proceeds thereof put out on interest or invested in some productive stock, or in the improvement or security of any other real estate of the ward, the same may be sold. The petition, as well as the order of the court, is more or less general and vague, tending to show the necessity for such sale, yet we have held that the petition was sufficient to give the court jurisdiction, and, after having obtained jurisdiction, the court should not be held to have lost jurisdiction, unless it clearly appears that it entered a decree not authorized under the facts or not warranted by law; and, in that the question is not free from doubt, we prefer to place our decision upon other grounds.

The third and fourth questions, which are necessarily presented by the record, relate to questions of fact on the issue of fraud, and involve the propositions stated by counsel for defendants on page 32 of their brief in the following language:

"There are really only two questions of fact involved in the case: First, whether the guardian received the whole purchase price in cash; and, secondly, if he did not, whether Mrs. Estus and the other defendants who held title under McDonald were bona fide purchasers or incumbrancers."

If we find the weight of the testimony shows that the guardian did not receive the full purchase price of the property in cash, then in such event it is not seriously contended that the sale would be void so far as affects the defendants McDonald, Vaughan, and Cash, the guardian; but it is seriously contended that the rights of the other defendants could not be affected as they are said to be innocent bona fide purchasers. We

have not the slightest doubt from this record that the guardian did not receive the full purchase price of the property in cash, and that the only cash received by him was the $15,000 which was obtained by a loan upon the property involved. That the Oklahoma City property entered into the negotiation for the minors' lands and constituted a large part of the purchase price cannot fairly be denied. In fact, the only evidence to the contrary is a statement from Cash to the effect that he had the balance of the purchase price in the bank, and the further fact that the report which he filed afterwards would indicate that he had received the purchase price, but this showing is much discredited by the fact that it reasonably appears that the report was partially false, and that he was short and did not have the cash on hand; and, further, that there is a total lack of showing in the record of any other consideration paid for the Oklahoma City property, and many circumstances showing that it entered into the consideration for the sale and conveyance of the minors' land. Mr. McNeal, an attorney for the defendants the Prudential Insurance Company of America and the Deming Investment Company, frankly admits that he understood, as a matter of law, the payment of the purchase price partly in property, contrary to the statutes, and the order of the court would render the sale void. That such a sale would be void against the parties to the transaction can hardly be controverted.

To connect the acts of the original interested parties subsequent to the bidding in of the property at public sale with their prior acts in bringing about the sale causes us to conclude that if a specific intent to defraud were not formed in the beginning of the negotiation, it is reasonably clear it was intended to secure title to the lands of these minors by undue influence and for less than its value, resulting detrimentally to the minors. We therefore hold that the finding of the court on this issue is contrary to both the preponderance and weight of the evidence.

The only other question necessary to be determined is, Were the facts and circumstances such as to give notice or impute knowledge to the defendants the Prudential Insurance Company of America, the Deming Investment Company, and Jennie C. Estus? The weight of authority unquestionably is that under such circumstances, where parties claim to be innocent bona fide purchasers for value, the burden rests on them to

show themselves to be such. Clark v. Lambert, 55 W. Va. 512, 47 S. E. 312; Bowman v. Griffith, 35 Neb. 361, 53 N. W. 140; Berry v. Whitney, 40 Mich. 65.

The facts and circumstances related as having transpired in the office of the attorney for the Prudential Insurance Company of America and the Deming Investment Company were such as to put the attorney upon inquiry, and such facts need not be restated. It is in effect admitted that this state of facts existed, but Mr. McNeal, the attorney, attempts to excuse any further investigation by showing he propounded a question to Mr. Cash, the guardian of the minors, eliciting an answer to the effect that the Oklahoma City property which was being conveyed to the guardian was a private deal between him and Mr. McDonald. Cash being an interested party and one of the main conspirators to defraud his wards, and the party apparently reaping the greater benefit from the transaction than any one else, it seems the answer to this question would naturally invite a further inquiry rather than to have the effect to satisfy and remove any suspicion of doubt. The uncontradicted testimony shows that the conveyance of this Oklahoma City property, under an agreement of all parties, was placed with Mr. McNeal, with the other conveyances, and was not to be delivered until all the conditions had been complied with and at the time the other conveyances were to be delivered. This, in itself, would suggest that it was so intimately linked with the conveyance of the minors' land and formed a part of the same transaction, to be delivered only when the transaction was fully completed—would not only suggest, but would require a further investigation to ascertain the true facts. Overall v. Taylor. 99 Ala. 12. 11 South. 738; Pomeroy, Eq. Juris. vol. 2, § 601 Under the law in this jurisdiction as construed by this court, such information to an interested party is equivalent to knowledge of all facts which could be ascertained from a reasonable investigation. Cooper v. Flesner, 24 Okla. 57, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180. 20 Ann. Cas 29; Nute v. Nute, 41 N. H. 60; Schnavely v. Bishop, 8 Kan. App 301, 55 Pac. 669; Goree v. Goree, 22 Tex. Civ. App. 470. 54 S. W. 1036; Fischer v. Lee. 98 Va. 159. 35 S. E. 441; Manasses v. Dent, 89 Ala. 565, 8 South. 108.

It is contended, however, that Mr. McNeal was not the attorney for the defendant Jennie C. Estus, and she must be held to be an innocent purchaser. To this contention we are unable to give our consent. We are of

the opinion that the more reasonable rule would be that where a purchaser, under such circumstances as here elects to rely upon the investigation and the opinion of the attorney for the loan company, who examined the title for the purpose of making a loan to the purchaser, for all intents and purposes he should be held to be the attorney for such purchaser, and charged with knowledge of all matters, facts, and circumstances entering into or connected with the negotiation tending to affect the title to such property. There was nothing inconsistent in Mr. McNeal, as attorney for the loan companies, to also represent the purchaser and the borrower; and, if she was willing to intrust to him the duty of passing upon the title for her, based upon facts which he acquired in passing upon the title for the loan company, he would be her attorney no less than if he was employed separately and subsequently to the passing on the title for the loan companies. Gardner v. Early, 72 Iowa, 518, 34 N. W. 311; Griffin v. Franklin, 224 Mo. 667, 123 S. W. 1092; Baldwin v. Root (Tex. Civ. App.) 38 S. W. 630.

But counsel contend she paid no fee for this service, and therefore she would not be bound by his knowledge of the facts affecting the title. It is not a prerequisite that a fee should be paid before the relation of attorney and client may exist. (Wash.) 38 Pac. 208.

We are constrained to hold that the judgment and findings of the trial court are contrary, not only to the preponderance of the testimony, but to the weight thereof, and that in rendering a general judgment for the defendants, prejudicial error was committed. The plaintiffs admit that they are not entitled to retain the $15,000 secured by the loan on the land in question, and at the same time secure a decree of court canceling the instruments sought to be canceled by this proceeding.

Owing to the conclusion reached, holding the conveyances void on account of the fraud practiced, it is unnecessary to determine whether this is a direct or collateral attack upon the judgment appealed from. Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372; Wimberly et al. v. Winstock et al., 46 Okla. 645, 149 Pac. 238.

It is not charged, and neither do the facts show, that the defendant the Prudential Insurance Company, actively participated in any of the fraud affecting the title to the land in question, but we only hold that it had such knowledge or notice sufficient to

put it upon inquiry, which, if reasonable diligence had been used, it could and would have acquired full knowledge of the fraud of the other defendants sufficient to prevent it from being an innocent incumbrancer. The judgment of the trial court will be reversed, with directions to enter a decree canceling each and all of the conveyances sought to be canceled by this proceeding and restoring the title to the lands involved unincumbered to the minor plaintiffs, conditioned upon the payment by the guardian of the sum of $15,000 to the court clerk, with further directions to the court to ascertain the actual and necessary cost and expense to the minors in the prosecution of this suit, including a reasonable attorney fee, which shall be deducted from the amount of $15,000 so deposited, and the balance of said amount shall be paid to the defendant the Prudential Insurance Company of America.

It is hereby recommended that such decree be entered.

By the Court: It is so ordered.

On Rehearing.

PER CURIAM. After a careful examination of the record upon rehearing the court is convinced that the opinion prepared by Mr. Commissioner LINN is in the main correct, and that, with the slight modification hereinafter pointed out, it should be approved. We are of the opinion that Mrs. Estus was not only bound by the notice and knowledge acquired by McNeal, but like McNeal, she came into possession of facts sufficient to put a prudent person upon inquiry. She knew the transaction involved the transfer of the allotted lands of Indian minors, and that a sale by the guardian must be for cash. She also knew that the delivery of the guardian's deed to McDonald was in some way dependent upon the consummation of the deal between herself and McDonald, and she knew, or could have known by slight inquiry, that the land she conveyed to McDonald in exchange for the minors' lands was to be immediately transferred to Cash, the guardian, either for his own benefit or for the benefit of his wards, and that the money she borrowed from the Prudential Company was to be used in payment of a portion of the purchase price bid for the minors' lands, at the guardian's sale. Indeed the whole transaction between McDonald and his associates, and Cash. which was largely enacted in the presence and hearing of McNeal and Mrs. Estus, bore so many of the familiar earmarks of conspiracy to defraud these Indian minors of their estates that it seems incredible to us that neither of them made any greater effort to ascertain the true condition of affairs than is disclosed by this record.

We note the motion of the prevailing parties to modify the opinion of the learned commissioner by striking therefrom the condition that plaintiff in error shall pay the clerk of the court the sum of $15,000, and substituting therefor a condition that plaintiff in error shall pay into court such portion of said sum as may remain undisposed of. As this portion of the decree was entered in pursuance of admissions made by counsel for the movant, both in open court and in their briefs, that such a condition would be equitable in case they prevailed, and as we believe it is an equitable condition of recovery, we decline to make the modification prayed for.

Objection is also made in the petition for rehearing to that part of Commissioner LINN'S opinion which directs the trial court to award the plaintiff in error a reasonable attorney's fee, to be deducted from the "$15,000 so deposited." As the question whether the plaintiffs in error would be entitled to recover attorney fees, in case they prevailed, has not been passed upon by the trial court, we will not pass upon it now, but will leave it open for original consideration below, if either party desires to raise it. To this extent the opinion is modified.

For the reasons stated the opinion of Mr. Commissioner LINN, as hereby supplemented and modified, is adopted and approved as the opinion of the court.

All the Justices concur.