Note.—See under (1) 40 Cyc. p. 1097. (2) 40 Cyc. pp. 1144, 1144; anno. 17 L. R. A. (N. S.) 477; 28 R. C. L. pp. 137, 138; 4 R. C. L. Supp. p. 1800. (3) 40 Cyc. p. 1004; anno. 27 L. R. A. (N. S.) 2; L. R. A. 1915A, 444; 28 R. C. L. pp. 86-96; 3 R. C. L. Supp. p. 1558; 4 R. C. L. Supp. p. 1799.

---

## MARTIN v. REPLOGLE.

No. 15586—Opinion Filed Sept. 15, 1925.

1. **Guardian and Ward—Sale of Land for Cash and Loan to Purchaser—Presumption of Validity.**

Where the record of the guardian's sale of real estate shows that the sale was made for cash, confirmed for cash, and the deed executed for cash, and thereupon the court made an order, upon application of the guardian, authorizing a loan of the cash or a part of it to the purchaser, as by section 1482 C. S. 1921, provided, which loan is made and evidenced by note and mortgage, the presumption is that both transactions are free from fraud and valid, and to overcome this presumption by parol evidence, the same must be clear, cogent, and convincing.

2. **Same—Judgment Sustained.**

The record examined, and held, the evidence is sufficient to reasonably support the judgment of the trial court, and applying the equity rule, it cannot be said the judgment is against the weight of the evidence.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Beatrice L. Martin, née Brown, against Jamie Replogle to recover real estate and quiet title. Judgment for defendant, and plaintiff brings error. Affirmed.

Pounders & Pardoe, for plaintiff in error.

J. C. Wright and Martin L. Frerichs, for defendant in error.

Opinion by THREADGILL, C. This action was by Beatrice Martin, nee Brown, as plaintiff, against Jamie Replogle, Kate Atchison, A. L. Atchison, Henry Mansur, and Gypsy Oil Company, as defendant, for possession and quieting title of the S.W.¼ of section 2, 10 N., R. 8 E., in Okfuskee county. During the progress of the case in the district court, the cause was dismissed as to all the defendants except Jamie Replogle, and the subject-matter of the controversy reduced to the S.E.¼ of said tract of land.

The plaintiff was a newborn Creek freedman, Roll No. 667, and the land in controversy was a part of her surplus allotment patented to her August 12, 1908. It appears from the record that on March 8, 1911, upon petition of the guardian, Alex Harjo, the county court of Okfuskee county made an order of sale authorizing the said guardian to sell the whole tract of 160 acres, all of which was the surplus allotment, except the N.E.¼ of said tract, which was the homestead, and the sale was made to E. E. Lowe of Denver, Colo., for $600 cash, and the same was confirmed by order of the court on April 2, 1911, and guardian's deed was executed on June 19, 1911. On the same date, June 19, 1911, E. E. Lowe deeded the land to H. L. Graves, and on November 23, 1912, Graves deeded it to V. W. Miracle, and on December 27, 1912, Miracle deeded the 40 acres in controversy to the defendant, Jamie Replogle. The record further shows that D. Replogle was the husband of the defendant and acted as the attorney of the guardian in the sales proceedings in the county court; that H. L. Graves and V. W. Miracle, two of the grantees in the chain of the title, were appointed and acted as appraisers in the guardian's sale, and that they, with J. M. Schults, the other appraiser, appraised the 160 acres of land at $400. The record further shows that on June 19, 1911, the day the guardian's deed was executed, the guardian filed a petition asking the court to make an order authorizing him to loan $400 to E. E. Lowe for a term of five years, to be secured by mortgage on the

160 acres of land purchased, and the order was made and the loan executed, and thereafter, the same was paid and the mortgage released.

The issues as made up by the pleadings were tried to the court September 28, 1923, being more than 12 years after the guardian's sale proceedings, and Alex Harjo, who had been the guardian, testifying from memory as to the facts of how the $600 consideration for the land was paid to him as guardian, stated that he thought he got $200 in cash, and $400 was by note and real estate mortgage, which amount he received later. There was no evidence that the land was not properly appraised and none tending to show that $600 was not its reasonable value, neither was there any evidence to show an agreement or an understanding among the parties in the chain of title, or acts of conspiracy or fraud on their part, or on the part of any of them, to buy the land for less than its value, or in the interest of the attorney representing the guardian. A jury was waived and the cause was tried to the court, and the court rendered judgment for the defendant, and plaintiff brings the case here for review asking for a reversal, and the principal contention is that the judgment is contrary to the law and the evidence.

Plaintiff's first contention is based upon the evidence applied to the issues as to whether or not the guardian's sale was made for cash or for part cash and part credit. She assumes that the evidence proves that the guardian sold the land for cash and part credit, $200 cash and $400 by note and mortgage on the land, payable in five years. Plaintiff assumes that the evidence of the guardian as above stated, to the effect that he thought he got $200 cash and $400 in note and mortgage and received the money later, was sufficient to overcome the record evidence that the sale was for cash, confirmed for cash, and on the same day $400 of this money was loaned back to E. E. Lowe, the purchaser. Taking this position, the plaintiff contends that the sale and all the deeds in the chain of title were subject to be avoided by the minor in an action of this sort; citing section 1480 Compiled Statutes 1921, providing for part cash and part on a credit, not to exceed three years in a guardian sale, also: Perkins v. Middleton, 66 Okla. 1, 166 Pac. 1104; Allison v. Crummey, 64 Okla. 20, 166 Pac. 691; Pyeatt v. Estus, 72 Okla. 160, 179 Pac. 42; Brown v. Trent, 36 Okla. 239, 128 Pac. 895, and other cases.

If plaintiff's assumption was borne out by the evidence, we would be inclined to her contention and disposed to follow the authorities cited, but can we say the evidence is sufficient to warrant the assumption? The trial court heard the evidence, the material parts of which were as above stated, and found against plaintiff, and as we view it, it makes no difference which rule you apply in considering the evidence, whether the law rule or the equity rule, the same result follows: The record evidence is sufficient to show the sale was for cash and the court confirmed it for cash, and the guardian received the cash, and thereupon, by an order of the court, loaned $400 of the money received to the purchaser, and this testimony is sufficient to reasonably support the finding of the court on the question as to whether cash was paid or not, and, although the guardian testified 12 years after the transaction that he thought he received $200 cash and the balance by note and mortgage, which was paid sometime thereafter, and further taking into consideration that this part of the guardian's testimony is without corroboration on the part of E. E. Lowe, the county judge, or any other person, who was in a position to know the facts, we cannot say this testimony of the guardian is sufficiently clear, cogent, and convincing to outweigh the record in the case.

The plaintiff in her brief pursues the subject further by arguing the question of notice and bona fide purchaser, citing authorities, but since we cannot agree with plaintiff as to the question of fraud, we do not think it necessary to follow the argument.

We are of the opinion that the judgment of the trial court is correct, and the same should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. pp. 1200 1201 § 350. (2) 4 C. J. p. 900, § 2870.