### MOBLEY v. RHOADES et al.

No. 10331—Opinion Filed Nov. 12, 1919.

Rehearing Denied Jan. 6, 1920.

(Syllabus by the Court.)

1. **Guardian and Ward—Setting Aside Sale —Pleading.**

An answer setting up the defense of innocent purchaser without notice, must state facts sufficient to show a bona fide purchase. It should state the consideration, which must appear from the averment to be "valuable" within the meaning of the rules upon that subject, and should show that it has actually been paid, and not merely secured. It should also deny notice in the fullest and clearest manner, and this denial is necessary, whether notice is charged in the complaint or not.

2. **Appeal and Error—Findings of Fact— Equity Case.**

In such actions of purely equitable cognizance the Supreme Court will not disturb the findings of fact of the trial court unless they are against the clear weight of the evidence.

3. **Same—Pleading—Sufficiency of Evidence.**

Record examined, and held: (1) That the answer was sufficient to entitle the defendants to show that they were innocent purchases without notice. (2) That findings of the trial court in favor of the defendants were not against the clear weight of the evidence.

Error from District Court, Carter County; H. A. Ledbetter, Special Judge.

Action by Gerald F. Mobley, by his guardian, Tennie Mobley, against George T. Rhoades and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Brett & Mathers and Moore & West, for plaintiff in error.

L. S. Dolman, Johnson & McGill, and Cruce & Potter, for defendants in error.

James A. Veasey, C. M. Oakes, Harry Maxwell, and R. A. Hefner, for the Carter Oil Company.

KANE, J. This was an action for the recovery of land and to cancel certain conveyances relating thereto, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below.

"The complaint in this case is properly verified, and can be construed as an information charging violation of an order of the commission or as a complaint against a prevailing practice and prayer for relief therefrom. The order must deal with the case either as a contempt proceeding or as an investigation of an alleged abuse. It can impose a fine for violation of a commission order or it can establish a rule for the future in accordance with the merits of the situation shown to exist. It cannot do both. The facts offer no new question for consideration. and the wrong complained of has been dealt with already. For the purpose of this order, therefore, the complaint will be considered as an information alleging violation of Commission's Order No. 167."

There is some contention on the part of counsel for the railroad company to the effect that the Corporation Commission acquired no jurisdiction to assess a fine against the appellant, for the reason that the proceeding was in the nature of a civil action brought by the refining company for the recovery of charges which it claimed were excessive. We think the complaint was sufficient to confer jurisdiction upon the Corporation Commission to grant the relief afforded by the order appealed from. A part of the prayer of the complaint was that the carrier be "ordered not to collect demurrage from the complainant on privately owned cars placed upon the switch track hereinbefore described for the purpose of being held for storage, repairs, or as empties, and that no demurrage shall be collected, except when and where the cars are actually placed for loading or unloading, and that all and general relief may be granted complainant."

As we have said before, there was no dispute as to the facts. The railway company contended, somewhat unreasonably, we think, that cars were placed for loading and unloading within the meaning of the rule by merely placing them on the industrial sidetrack, whether they could be loaded or unloaded at the refining company's loading and unloading racks or not. It may be that this contention was made in good faith, and the Corporation Commission undoubtedly assumed that it was, as it gave the railway company an opportunity to either pay the fine assessed against it or refund to said complainant within thirty days from date of the order such part of said $66.00 collected for demurrage as may have been claimed for cars not set for loading or unloading. In view of this we will assume that this appeal was taken in good faith and give the railroad company an opportunity of exercising this alternative within

The instruments involved in the controversy consist of: (1) A guardian's deed, wherein B. E. Mobley as guardian of Gerald Farley Mobley, minor, was named as grantor and E. C. Mobley, a brother of the guardian, was named as grantee. (2) A warranty deed, wherein E. C. Mobley was named as grantor and George T. Rhoades and Albert Rhoades were named as grantees. (3) An oil and gas lease, wherein George T. Rhoades and Albert Rhoades were named as lessors and L. S. Dolman was named as lessee. (4) The assignment of the oil and gas lease by Dolman to the Carter Oil Company.

The principal contention of counsel for the plaintiff in the court below, and also in this court, was that the guardian's deed and the deed to the Rhoades were void for the following reasons:

(1) The guardian sale of the lands in controversy through the probate court was a fraudulent sale.

(2) George T. Rhoades and Albert Rhoades, defendants, had actual knowledge of such fraud, or at least of such facts as would put a prudent man upon inquiry.

(3) The defendants, George T. Rhoades and Albert Rhoades, composing the firm of Rhoades Brothers, were not bona fide purchasers for value without notice.

The trial court, after a lengthy trial, made elaborate findings of fact and conclusions of law in favor of the defendants, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced. It is obvious at a glance that the foregoing assignment of errors present for review only questions of fact which require an examination of the evidence taken at the trial as it appears in the record before us. It is conceded that the law governing the case is correctly stated in Allison v. Crummey, 64 Oklahoma, 166 Pac. 691; F. B. Collins Inv. Co. et al. v. Wade, 70 Oklahoma, 173 Pac. 835; Berry v. Tolleson, 68 Oklahoma, 172 Pac. 630; Pyeatt v. Estes, 72 Oklahoma, 179 Pac. 42, and many other similar cases.

The evidence on many of the material questions involved in the case at bar was sharply conflicting, and no useful purposes would be subserved by setting it out at any great length.

Treating this as an action of purely equitable cognizance, the rule is well settled that in such cases the Supreme Court will not disturb the findings of fact of the trial court unless they are against the clear weight of the evidence. Winemiller v. Page, 75 Oklahoma, 183 Pac. 501.

We wish to say, however, that in view of the strong evidence tending to show that the guardian sale was tainted with fraud, we have examined the record very carefully on the question of the bona fides of the sale from the purchaser at the guardian's sale to the Rhoades an dare convinced that the finding of the trial court, that the Rhoades were purchasers in good faith for value and without notice of any fraud occurring at the guardian's sale, is supported by the weight of the evidence.

There is some contention that the allegations of the answer were not sufficient to entitle the Rhoades to the benefit of this defense, but in this we are unable to agree with counsel. The rule governing pleading this defense is stated in section 785, of Pomeroy's Equity Jurisprudence, as follows:

"The allegations of the plea, or of the answer so far as it relates to this defense, must include all those particulars which, as has been shown, are necessary to constitute a bona fide purchase. It should state the consideration, which must appear from the averment to be 'valuable' within the meaning of the rules upon that subject, and should show that it has actually been paid, and not merely secured. It should also deny notice in the fullest and clearest manner, and this denial is necessary, whether notice is charged in the complaint or not. The denial must correspond with the settled rules upon the subject of notice, so as to bring the case within the operation of those rules. Concerning the foregoing averments there has been, and can be, no doubt."

After stating the rules substantially as above in Boone v. Childs, 10 Peters, 177, Mr. Justice Hughes continues:

"Such is the case which must be stated to give the defendant the benefit of an answer or plea of an innocent purchaser without notice; the case stated must be made out; evidence will not be permitted to be given of any other matter not set out."

We think the case at bar is well within the rule both as to the sufficiency of the pleadings and the cogency of the evidence required to establish the defense.

Finding no reversible error in the record, the judgment of the court below must be affirmed.

All the Justices concur.