**SIERZEK et al. v. SMITH et al.**

No. 10416—Opinion Filed June 28, 1921.

Rehearing Denied April 25, 1922.

(Syllabus.)

**1. Jury — Right to Jury Trial — Equitable Defenses in Cross-Complaint.**

Where an attorney sues the makers of a contract of employment and to foreclose a mortgage to secure payment of the contract price, as principal defendants and joins as defendants others shown by the records to claim some interest in the land covered by the mortgage, and the principal defendants make default and the other defendants, by cross-complaint, set up defenses involving the application of equitable doctrines and seek affirmative relief that only a court of equity can give, such answering defendants are not entitled to a jury trial.

**2. Damages — Validity of Penal Clauses in Contracts—Statute.**

The effect of section 974, Revised Laws 1910, is to reject and avoid the penal clauses in contracts, leaving the obligees to a collection of the actual damages sustained.

**3. Same—Stipulated Damages.**

The effect of sections 975 and 976, Revised Laws 1910, is to avoid, to that extent, every contract by which the amount of damages to be paid for the breach of a contract is determined in anticipation thereof, except where, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage. Stipulations and conditions falling within the exception, the statute provides, "shall be held valid."

**4. Same—Penalty or Liquidated Damages a Question for Court.**

The question whether the amount stipulated to be paid upon failure of performance is to be treated as liquidated damages or as a penalty is, in its last analysis, a question of law for the court, to be determined from the language and subject-matter of the contract, the evident intent of the parties, and all the facts and circumstances under which the contract was made.

**5. Same—Validity of Contract Provision.**

Record examined, and held, that the stipulation or condition of the contract involved herein provides for the payment of a sum which was presumed to be the amount of damage which would be sustained by a breach thereof, and that, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

**6. Same—Contract Between Attorney and Client.**

Revised Laws 1910, sections 247, 248, and 249, providing for an attorney's lien and the manner of enforcing the same against the property of his client, the subject-matter of the litigation does not take from the parties their right to make a contract for a stipulated sum intended as liquidated damages, in case the client shall breach the contract of employment and a mortgage given to secure the same.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Herbert E. Smith against Mary and Robert West, Frank Sierzek, and others, to foreclose mortgage. Judgment for plaintiff, and Sierzek and other defendants bring error. Affirmed.

Geo. W. Partridge, for plaintiff in error Stein.

William M. Mathews and Everest, Vaught & Brewer, for plaintiffs in error Sierzek and Kensboek.

Herbert E. Smith, for defendant in error Smith.

JOHNSON, J. On the 21st day of July, 1917, Herbert E. Smith, as plaintiff, commenced an action in the district court of Okmulgee county to foreclose a mortgage given by Mary and Robert West on the E. ½ of the N. E. ¼ of section 7, T. 12 N. range 13 E., situated in Okmulgee county, given to secure the performance of professional services rendered and to be rendered by Smith to the Wests.

Mary and Robert West, Frank Sierzek, John Kensboek, and Peter Stein were made defendants in the court below. The defendant West made default in the court below. Issues were joined between plaintiff and other named defendants, and trial had in the court below, which resulted in a judgment in favor of the plaintiff for the foreclosure of his mortgage in the sum of $1,500 against the land described, establishing said mortgage as a first and valid lien against all of the parties, and Frank Sierzek, one of the defendants, was awarded a judgment over against the defendant, Peter Stein, canceling the mortgage given to Stein for the balance of the purchase price of the land, and also a personal judgment against Stein for $1,092, the difference between the balance of the mortgage due Stein and the $1,500 awarded to plaintiff, Smith, from which judgment the defendants, Sierzek, Kensboek, and Stein have prosecuted this appeal, making the plaintiff, Herbert

Smith, and the defendants Mary and Robert West defendants in error herein.

The pleadings filed by the respective parties are too long to be copied in this opinion, but sufficient reference will be made to the same hereafter.

The allegations of the plaintiff, Smith, and the undisputed evidence shows that Mary West is a three-fourths blood Indian citizen of the Creek Nation, enrolled as No. 756 upon the rolls thereof, and as such was allotted as part of her surplus allotment the 80 acres in controversy herein, for which she received a patent or deed approved by the Secretary of the Interior on December 1, 1902.

In March, 1907, one Chas. A. Milliken procured a warranty deed from Mary West, then Mary Freeman, to said land, together with the remainder of her allotments, and recorded same. On August 1, 1907, one T. J. Baker procured a warranty deed from Mary West to said land, and recorded the same. On August 9, 1907, the said T. J. Baker procured another warranty deed for the same reciting a consideration of $1,000, to said land, and recorded the same. On August 31, 1907, said T. J. Baker procured another deed signed by the Wests, to said land, for a recited consideration of $1,000 and recorded the same. On October 24, 1907, said T. J. Baker executed a quitclaim deed in favor of Malinda C. McVey, to said land, and same was recorded. On November 13, 1907, said Chas A. Milliken gave a quitclaim deed to said Malinda McVey to said land, which was recorded. On July 12, 1907, the Okmulgee Loan & Trust Company (through W. L. McKee, its secretary) for a recited consideration of $1,000, procured a deed from Mary West to said land, which was recorded. On July 12, 1907, as a part of the last above transaction, said Okmulgee Loan & Trust Company (through it said secretary) procured from Mary West a contract undertaking to bind said Mary West to said Okmulgee Loan & Trust Company, as follows:

"That the said Mary West (who on said date had given said last named deed) agrees that on August 8th, 1907, or as soon thereafter as possible, not later than ten days from August 8th, 1907, to execute and deliver to said company and cause to be recorded in its favor, a good and sufficient warranty deed conveying said premises free from incumbrances, liens or leases, and furnish abstract of title at same time showing all instruments relating to said premises, including said last deed, and showing good and merchantable title in said company—

purchase price being $1,000.00 of which $25.00 was on said date paid to Mary West and $75.00 placed in the Citizen's National Bank, together with said contract, to be paid Mary West when she delivered said deed and abstract, with privilege of 15 days to said company to examine and report on same, and final payment of $900.00 to be paid within 10 days after delivery of said deed and abstract, with additional agreement as follows: 'If said Mary West should fail or refuse to comply with the covenants on her part to be performed, the second and third payments should not be made, and the deed of said date, July 12, 1907, should stand firm and effectual forever.'"

Said contract was signed by said W. L. McKee as secretary of said company and was recorded. On August 7, 1907, said Okmulgee Loan & Trust Company (without ever having procured a further deed from Mary West), based on said deed and contract dated July 12, 1907, for a recited consideration of $1,000, executed a warranty deed by W. L. McKee, its secretary, in favor of Malinda C. McVey to said land, which was recorded. On October 24, 1907, Mary West, for a recited consideration of $1,000 (through W. L. McKee) executed a warranty deed in favor of Malinda C. McVey to said land, which was recorded. On December 13, 1907, Malinda C. McVey (the sister of W. L. McKee) executed in favor of her brother, W. L. McKee, a warranty deed to said land, which was recorded. On October 26, 1910, W. L. McKee executed a warranty deed to said land in favor of the plaintiff in error Peter Stein (who was a director of the Okmulgee Loan & Trust Company) and took back from said Stein a waiver or release of his warranty included in said deed from said grantee, Stein, on said date, which was recorded. On September 19, 1913, Stein and wife executed a warranty deed in favor of plaintiff in error Sierzek to said land, for a recited consideration of $2,200, which was recorded. On September 20, 1913, Sierzek and wife executed a mortgage in favor of Stein (as a part of the purchase price) covering said land, for the sum of $1,133 which was recorded. On October 20, 1913, Sierzek and wife executed a second mortgage in favor of plaintiff in error John Kensboek covering said land, for the sum of $1,135 (totaling a mortgage indebtedness of $2,268, as against the purchase price of $2,200), which was recorded.

In said last mortgage Sierzek agreed with Kensboek "to pay any and all sums necessary to protect the title of said premises or to keep the same from other liens of whatever nature, including attorneys' fees in all actions attacking such title or the validity of said mortgage."

The mortgage sued upon is as follows:

"This indenture made on this 12th day of November, 1915, between Mary West and Robert West, her husband, as party of the first part, and Herbert E. Smith, as party of the second part: Witnesseth:

"That said party of the first part, in consideration of the covenants and agreements in the contract of employment hereinafter set forth and described, and the performance of the conditions therein set forth, doth by these presents, grant, bargain, sell and convey unto the said party of the second part, his heirs and assigns, all the following described real estate situate in Okmulgee county, Oklahoma, to wit: The east half (E. ½) of the northeast quarter (N. E. ¼) of section seven (7), township twelve (12) north, range thirteen (13) east, containing 80 acres, more or less.

"To have and to hold the same unto the said party of the second part his heirs and assigns, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining forever.

"Provided always, and these presents are upon this express condition, that: Whereas, the said Mary West and Robert West have this day executed and delivered a certain contract in writing to the said party of the second part, which contract is in the words and figures following, to wit:

" 'This agreement, made and entered into this 12th day of November, 1915, by and between Mary West nee Freeman, and Robert West, her husband, of Hoffman, Oklahoma, as party of the first part, and Herbert E. Smith, attorney-at-law, of Okmulgee, Oklahoma, as party of the second part:

" 'Witnesseth; that the said Mary West, in the name of Mary Freeman, as a three-quarter blood Indian citizen of the Creek Nation, selected and there was allotted to her as such citizen of said nation, as her share in the severalty of the allottable lands of said nation, as a part of her surplus allotment, the following real estate situated in Okmulgee county, Oklahoma, to wit: The east half (E. ½) of the northeast quarter (N. E. ¼) of section seven (7), township twelve (12) north, range thirteen (13) east I. B. M. containing eighty (80) acres, more or less; and,

" 'Whereas, said Mary West nee Freeman, made and executed divers purported deeds and contracts covering said real estate wherein she is purported to have sold and conveyed and agreed to sell and convey said land prior to August 8th, 1907, and divers purported deeds and contracts subsequent to said date, in an attempt to ratify said prior deeds and contracts, to divers persons, who executed purported deeds covering said lands to divers other persons,

who in turn, in part, have mortgaged said premises; and,

" 'Whereas, the record title to said land is now outstanding in another and there appears certain purported mortgages against the same; and,

" 'Whereas, the said first parties desire to recover said land for said Mary West, nee Freeman, and clear her title thereto and remove all clouds therefrom, and desiring to employ the second party as their sole and only attorney in that behalf, and being without ready money or funds or other property with which to compensate said second party for his professional services, rendered and to be rendered in their behalf;

" 'Now Therefore, it is hereby mutually agreed; that the first party hereby employs said second party as their sole and only attorney and representative to take the proper steps and institute the necessary actions in such courts as second party may deem best to recover the land above described, or any part thereof, and to remove clouds now thereon, and place title thereto in first party or said Mary West, nee Freeman, and in consideration of such employment, and the compensation hereinafter set forth, said second party hereby accepts said employment and agrees to act as counsel and attorney for said first party, and to take the necessary steps and institute the suits hereinabove contemplated in behalf of first party and prosecute the same with due diligence, and it is further agreed by the party of the first part that the said second party shall receive as sole compensation for his services rendered and to be rendered as aforesaid, one-half of the recovery, whether by suit or settlement made with the assent of second party, and in case said land is recovered, that said first party will deed to second party by proper conveyances, an undivided one-half thereof, in fee simple, free from any and all incumbrances or leases placed thereon by said first party after the date hereof, said first party is to pay all costs.

" 'In Witness Whereof, the parties hereto have hereunto set their hands and seals the day and year first above written.

" 'Mary West—Robert West,
" 'Party of the first part.
" 'Herbert E. Smith,
" 'Party of the second part.
' 'Witnesses:
" 'J. L. Newhouse;
" 'W. L. Merwine.'

"Now if the said party of the first part shall keep and perform each and every stipulation and agreement set out and provided in the above contract, according to the terms and tenor thereof, then this mortgage shall be wholly discharged and void, otherwise the same shall remain in full force and effect forever in and for the sum of fifteen hundred dollars, in which amount, said first party hereby stipulates and agrees is the

value of the one-half interest of second party in and to the inserted contract, and the value of an undivided one-half interest in and to said mortgaged premises, which amount shall become due and payable to second party by the first party upon settlement of the claim, of first party, or suit or suits referred to in said contract by them or either of them, so that said contract cannot be executed by and between the parties thereto as agreed.

"In Witness Whereof the said party of the first part have hereunto set their hands and seals the day and year first above written.

"Mary West (Seal)

"Robert West (Seal)"

That after the making of said contract and mortgage the plaintiff, on November 12, 1915, prepared and filed in the district court of Okmulgee county, Oklahoma, the petition of Mary West and Robert West, as plaintiffs, v. Peter Stein, Frank Sierzek, John Kensboek, Chas. A. Milliken, Okmulgee Loan & Trust Company, Thos. J. Baker, Malinda C. McVey, and W. L. McKee, as defendants for the recovery of said land in behalf of said plaintiffs from said defendants together with rents and profits since 1908, and caused summons to be served, and said cause proceeded to issue, when same was dismissed upon the 12th day of July, 1917, by the following dismissal taken at the time of taking said deed on April 27, 1917, to wit:

"In the District Court of Okmulgee County, State of Oklahoma.

"No. 4023.

"Mary West and Robert West, Plaintiffs,

"vs.

"Charles A. Milliken et al., Defendants.

"Dismissal.

"Comes now the plaintiff, Mary West and Robert West, and for and in consideration of three hundred ($300.00) dollars, to them in hand paid, receipt of which is hereby acknowledged, do hereby dismiss this suit, with prejudice to a new action, at plantiffs' cost.

"Mary West, nee Freeman, Robert West.

"Witnesses:

"Henry Meinholtz,

"E. P. Ledbetter,

"(Acknowledged before Wm. H. Crume, Notary Public.)

"The defendants in the above styled action do hereby agree to the dismissal of this causd, with prejudice to a new action at plaintiffs' costs.

"Orlando Swain,

"William Mathews,

"Attorneys for Defendants."

The findings and judgment of the trial court are as follows:

"The court having heard the evidence of all the parties and being fully advised in the premises finds that Mary West had a good cause of action against these defendants in the suit filed by her in cause No. 4023, entitled Mary West against C. A. Milliken and others.

"The court further finds that the instruments sued upon by the plaintiff are valid, and that the instrument denominated as a mortgage is not a penalty but is a mortgage and is a first and prior lien upon the land, and that the plaintiff is entitled to recover the full amount set forth in said instrument, to wit: fifteen hundred ($1,500.00) dollars.

"The court further finds that a settlement was made between the plaintiffs and the defendants, Peter Stein and Frank Sierzek, in cause No. 4023, in this court without plaintiff's knowledge or consent and that plaintiff has not been paid his fee for services rendered in that cause. To all of which findings and conclusions the defendants except.

"It is therefore ordered, adjudged and decreed that the plaintiff have and recover the sum of fifteen hundred ($1,500.00) dollars from Mary West and Robert West.

"It is further ordered, adjudged and decreed that the instrument sued upon is a first and prior lien upon the following described tract of land, to wit: The east half of the northeast quarter of section 7, township 12 north, range 13 west, in Okmulgee county, Oklahoma, and in case the defendants fail for a period of sixty (60) days from the date of the rendition of this judgment to pay said plaintiff the said sum of fifteen hundred ($1,500.00) dollars, the amount as aforesaid found due together with the costs of this action, an order of sale issue to the sheriff of Okmulgee county, state of Oklahoma, commanding him to advertise and sell according to law the aforesaid lands and tenements and apply the proceeds arising from said sale: first, to the payment of the costs of said sale and of this action; second, in payment to the said plaintiff of the said sum of fifteen hundred ($1,500.00) dollars with 6 per cent. interest from this date. the amount as aforesaid found due to said plaintiff; and, third, that the residue, if any there be, be paid to the defendants Frank Sierzek and John Kensboek, as their interests may appear. To all of which findings and conclusions the defendants, Frank Sierzek and John Kensboek and Peter Stein, except and in open court give notice of their intention to appeal to the Supreme Court.

"And this cause coming on to be further heard upon the cross-petition of the defendant Frank Sierzek against the defendant Peter Stein, upon the warranty deed executed by Peter Stein to Frank Sierzek on the 19th day of September, 1913, and the court being fully advised in the premises,.

finds that the said deed contains full covenants of warranty of title and covenants that the said Peter Stein, the grantor in said deed, was lawfully seized in fee, and the court finds that said covenants have been broken and that because of the breach that the defendant Frank Sierzek has maintained damage in the sum of fifteen hundred ($1,-500.00) dollars, being the amount of the judgment recovered by the plaintiff against the said land.

"The court further finds that the mortgage executed by the defendant, Frank Sierzek to the defendant, Peter Stein, on the 20th day of September, 1913, has been partially paid; that all of the principal has been paid except the sum of four hundred and eight ($408.00) dollars, and that all accrued interest has been paid.

"The court further finds that Frank Sierzek is entitled to have said mortgage canceled, abated, set aside and held for naught, it being a part of the purchase price paid for the land, and in addition thereto he is entitled to judgment in the sum of of $1,-092.00.

"It is therefore ordered, adjudged and decreed that the aforesaid mortgage executed by Frank Sierzek and wife to Peter Stein on the 20th day of September, 1913, given to secure the payment of the sum of $1,133.-00, which mortgage covers the above described land, be canceled, set aside and held for naught and that the note which it was given to secure also be canceled, set aside and held for naught.

"It is further ordered, adjudged and decreed, that Frank Sierzek have and recover judgment against the defendant Peter Stein for the sum of $1,092.00, for which let execution issue.

"It is further ordered that Mary West, Robert West and Peter Stein pay the costs of this action, assessed at $21.00, for which let execution issue; and to this part of the judgment the defendant Peter Stein excepted and in open court gives notice of his intention to appeal to the Supreme Court."

The plaintiffs in error have made numerous assignments, but counsel in their brief have grouped and argued the same in four propositions which they have designated points one to four inclusive. We will notice each of these points, but prefer to consider them in their inverse order.

The 4th point is, "The court erred in failing and refusing to grant these plaintiffs in error a trial by jury, demand having been made in open court for a trial by jury, before the said trial was commenced." The latter part, the record discloses, is not true, strictly speaking, as to all the plaintiffs in error, as no demand was made for a jury by the plaintiff in error Stein, nor was such

a demand made by the defendants West; as hereinbefore stated they made default, and neither have they appealed; they are not complaining, but were made defendants in error herein by the plaintiffs in error. There is no merit in this contention of the plaintiffs in error. They tried to place themselves in the position that the defendants in error Mary and Robert West occupied, and argued that the law is likewise applicable to them. Had the Wests appeared and contested this suit of the plaintiff and demanded a jury, then no doubt error would have been committed by the refusal to grant them a jury trial because a personal judgment was being asked against them on the plaintiff's contract and mortgage. However, by their default, they admitted the questions raised as to them. As to the appealing parties, the action as to them was the foreclosure of the plaintiff's mortgage. The plaintiff did not ask a money judgment against the defendants who are now plaintiffs in error, but asked that his mortgage and lien be declared a prior lien, the cancellation of deeds and mortgages, the subjects of the suit dismissed, which is purely an equitable action. All the plaintiffs in error filed unverified answers, and no personal judgment being asked against them and the plaintiff's action as to them being purely for foreclosure of the plaintiff's mortgage lien as a prior claim or lien on the real estate purchased by Sierzek on April 27, 1917, with notice and knowledge of said mortgage, rendered the action of the plaintiff against the plaintiffs in error purely of equitable cognizance under numerous decisions of this court.

In the case of Jackson v. Levy, 75 Okla. 256, 183, Pac. 505 the court said:

"In an action to foreclose a mortgage, where no personal judgment is sought and the defendant has filed an unverified answer, the action is properly triable to the court without a jury." Benn v. Trobert, 76 Okla. 184, 184 Pac. 595; Echols v. Reeburgh, 62 Okla. 67, 161 Pac. 1065; Mathews et al. v. Sniggs et al., 75 Okla. 108, 182 Pac. 703; Williams v. Diesel, 65 Okla. 163, 165 Pac. 187; Moore et al. v. Stanton (Langdon et al., Interveners), 77 Okla. 41, 186 Pac. 466.

In the latter case, in syllabus paragraph 1, it was said:

"Where, in an action on a promissory note and to foreclose a mortgage executed to secure payment of same defendant admits execution of the note and mortgage, and by cross-complaint sets up a defense involving the application of equitable doctrines and seeks affirmative relief that only a court of equity can give, such defendant is not entitled to a jury trial."

The plaintiffs in error's third point is:

"The court erred in holding that the defendant in error, Herbert E. Smith, was entitled to recover on the contract sued upon for the reason that said instrument, denominated as a mortgage, is nothing more than a penalty and is void under sections 974 and 975, Rev. laws 1910."

These provisions of the statute, including section 976, which is involved in this proposition, were fully considered and construed by this court in a well-considered opinion by Mr. Justice Kane in McAlester v. Williams, 77 Okla. 65, 186 Pac. 461. The syllabus of that case is as follows:

"1. The effect of section 974, Revised Laws 1910, is to reject and avoid the penal clauses in contracts, leaving the obligees to a collection of the actual damages sustained."

"2. The effect of sections 975 and 976, Rev. Laws 1910, is to avoid, to that extent, every contract by which the amount of damages to be paid for the breach of a contract is determined in anticipation thereof, except where from the nature of the case it would be impracticable or extremely difficult to fix the actual damage. Stipulations and conditions falling within the exception, the statute provides, 'shall be held valid.'

"3. The question whether the amount stipulated to be paid upon the failure of performance is to be treated as liquidated damages or as a penalty is, in its last analysis, a question of law for the court, to be determined from the language and subject-matter of the contract, the evident intent of the parties, and all the facts and circumstances under which the contract was made."

"4. Record examined, and held, that the stipulation or condition of the contract involved herein provides for the payment of a sum which was presumed to be the amount of damage which would be sustained by a breach thereof, and that, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

In this opinion the authorities upon which it was based are cited and discussed, the provision of the contract involved was quite similar to the provision of the contract involved in the instant case, and we think that there is no distinction in the principle involved in the two cases, and hence, that the case cited, supra, is controlling in the instant case and as was said in that case we say here:

"If in these circumstances the parties may not agree upon the payment of an amount which shall be presumed to be the amount of damages sustained for breach of an obligation, it is difficult to perceive any field whatever for the operation of the statutes authorizing such contracts."

Plaintiffs in error's second point is:

"The court erred in holding that the defendant in error Herbert E. Smith was entitled to recover on the alleged instrument which he denominates as a mortgage for the reason that where a suit has been compromised and settled, the attorney can only procure a reasonable fee and cannot recover the amount set forth in the contract between him and his client."

Counsel, in support of their contention, cite Rev. Laws 1910, sections 247, 248, and 249. The sections of the statute cited, supra, have no application, for the reason that the plaintiff's cause of action is not based thereon. He did not seek to hold plaintiffs in error liable to him for the fee due or to become due under his contract of employment. He sought no personal judgment against them, but pursued his remedy by virtue of the contract of the parties giving a mortgage lien as agreed on by them, which claim is not opposed, as we have seen, by the mortgagors.

The plaintiffs in error had notice and knowledge of the contract and the mortgage given to secure the same, when they settled and compromised with the Wests. These contracts are such contracts as the Wests had a perfect right to enter into with the plaintiff, giving him, for the consideration mentioned, a lien upon the land, and the plaintiff's action against the plaintiffs in error was to foreclose said lien, and that such right was not abridged or taken away by virtue of the sections of the statute cited, supra, is expressly decided by this court in the case of Spaulding v. Beidleman, 60 Okla. 183, 160 Pac. 1120, wherein in syllabus paragraph 2 it was said:

"A contract for attorney's fees and the giving of a note and mortgage to secure the same made after the inception of the litigation in which the attorney's services are to be rendered, although to be scrutinized with care, will not be set aside in the absence of any allegation or proof of fraud, mistake, or imposition."

We think that the findings and conclusions of the trial court, that the contract and mortgage sued upon were valid, and that the mortgage is a first and prior lien upon the land involved, were in accordance with the law and evidence in the case, and must be sustained.

Having reached the conclusion announced by the court, it becomes unnecessary to consider the plaintiffs in error's first point; we having sustained the findings of the trial

court that the plaintiff's contract and mortgage are valid.

For the reason stated, and upon the authorities cited, the judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.