## SCOTT et al. v. WOODS LUMBER CO.

No. 10727—Opinion Filed May 30, 1922.

(Syllabus.)

1. **Pleading—Sufficiency of Petition — Surplusage.**

Where the plaintiff's petition, stripped of surplus and unnecessary verbiage, states a cause of action against the defendant, a general demurrer thereto should be overruled.

2. **Pleading — Judgment on Pleadings—Issues on Motion.**

A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material fact? And if no issue of material fact is presented by the pleadings, (2) which party is entitled to the judgment?

3. **Appeal and Error — Procedure — Case-Made—Transcript of Record.**

There are two ways of bringing a record to this court in support of a petition in error: (a) The party appealing may attach to his petition in error a case-made containing all the record, including evidence and statements of the exceptions without the necessity of having the exceptions reduced to writing, allowed, and signed by the trial judge; (b) or the appealing party may attach to his petition in error a transcript of the record, and if he desires to bring to the court any part of the record other than the pleadings, the process, the return, reports, verdict, orders and judgments, as provided for in section 5146, Rev. Laws 1910, he must incorporate same into the record by a bill of exceptions.

4. **Pleading—Judgment on Pleadings—Foreclosure of Materialman's Lien.**

Record examined, and held, that the trial court did not err in rendering judgment in favor of the plaintiff on the pleadings.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by the Woods Lumber Company against John W. Scott and others to foreclose materialman's lien. Judgment for plaintiff, and certain of defendants bring error. Affirmed.

F. W. Church and Andrew J. Jones, for plaintiffs in error.

C. Caldwell, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Craig county. On the

18th day of April, 1918, Woods Lumber Company, a partnership composed of O. E. Woods and W. J. Woods, commenced an action in the district court of Craig county, Okla., against Mary Smith, John W. Scott, and the First National Bank of Miami as defendants, praying for judgment against the defendant Mary Smith for the sum of $418.35 and to foreclose a materialman's lien on the buildings and lands described in the said petition for said amount, and that said lien be adjudged superior to the rights of the defendant Scott and the First National Bank; that the lien be foreclosed and the property ordered sold to pay said amount, costs and attorneys' fees.

No personal judgment was sought against Scott or the bank. Service was had on Mary Smith by publication, and she made default. Personal service was had on the other two defendants, and they answered.

The plaintiff filed a motion for judgment on the pleadings as against the two answering defendants, and the trial court sustained the same and rendered judgment accordingly, to reverse which this proceeding in error was commenced by the defendant Scott and the bank by petition in error with a transcript of the record attached thereto.

The parties will be referred to hereinafter as plaintiff and defendants, respectively, as they appeared in the trial court. The defendants' petition in error contains six specifications of error, which are as follows:

"(1) The court erred in sustaining the motion for judgment on the pleadings.

"(2) The court erred in overruling the general demurrer of said plaintiffs in error filed in said cause.

"(3) The court erred in denying the right of trial by jury in said cause.

"(4) The court erred in overruling the motion to strike filed by the plaintiffs in error in this cause.

"(5) The court erred in overruling the motion to require plaintiffs to make petition more definite and certain filed by plaintiffs in error in this cause.

"(6) The court erred in rendering judgment against the defendants in said cause."

The third specification of error, supra, was expressly waived by counsel in their brief.

Counsel for defendants have argued together specifications of error numbered 4 and 5 in their brief. These assignments cannot be considered by this court, because the motions therein referred to are not part of the record. As hereinbefore stated, this appeal is prosecuted by a transcript of the record, which does not contain any case-made or bill of exceptions, in which the motions referred to are incorporated as required by law. In the case of Stonebraker-Zea Cattle Co. v. Hilton, 34 Okla. 225, 124 Pac. 1062, this court stated in paragraph one of the syllabus as follows:

"Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same into a bill of exceptions, or case-made. The record proper in a civil action consists of the petition, answer, reply, demurrers, process, rulings orders, and judgment; and incorporating motions, affidavits, or other papers into a transcript will not constitute them a part of the record unless made so by bill of exceptions. Motions and proceedings which are not part of the record proper can only be presented for review by incorporating them into a case-made, or by preserving them by bill of exceptions and embracing them in the transcript."

See, also, the following cases for the same ruling: Brown-Beane Co. et al. v. Rucker, 36 Okla. 698, 129 Pac. 1; Craig v. Greer, 33 Okla. 302, 124 Pac. 1096; Green et al. v. Incorporated Town of Yeager, 23 Okla. 128, 99 Pac. 906; Land et al. v. Young et al., 24 Okla. 614, 104 Pac. 335; Nelson et al. v. Glenn et al., 28 Okla. 575, 115 Pac. 471; Tribal Development Co. v. White Bros. et al., 28 Okla. 525, 114 Pac. 736; Richardson v. Beidleman, 33 Okla. 463, 126 Pac. 816; Vann et al. v. Union Central Life Ins. Co. et al., 79 Okla. 17, 191 Pac. 175.

In the latter case, supra, in quite an elaborate opinion by Ramsey, J., speaking for the court, it was stated in syllabus paragraphs 8 and 9 as follows:

"(8) There are two ways of bringing a record to this court in support of a petition in error; (a) The party appealing may attach to his petition in error a case-made containing all the record, including evidence and statements of the exceptions without the necessity of having the exceptions reduced to writing, allowed, and signed by the trial judge; (b) or the appealing party may attach to his petition in error a transcript of the record, and if he desires to bring to the court any part of the record other than the pleadings, the process, the returns, reports, verdict, orders, and judgments, as provided for in section 5146, Rev. Laws 1910, he must incorporate the same into the record by a bill of exceptions.

"(9) The bill of exceptions must be reduced to writing during the term of court at which the proceedings were had, unless the ruling and decision excepted to is made

in vacation or at chambers, allowed and signed by the trial judge, and filed with the pleadings as a part of the record. The bill of exceptions never becomes a part of the record until it is filed in the trial court; unless filed in that court it cannot be incorporated into a transcript in support of the petition in error in this court."

The defendants' second specification of error, that the court erred in overruling the general demurrer of defendants to plaintiff's petition is without merit. The petition in substance alleges that Pearl H. Smith and Mary Smith were husband and wife and that Pearl Smith is now dead. That in October, 1910, said Pearl Smith became the owner of the property (describing it) by conveyance to him by a warranty deed; that they lived on the said farm together, and in December, 1911, Pearl Smith conveyed the land to his wife, Mary Smith, and they continued to live on it; that said Pearl Smith and Mary Smith purchased the materials from plaintiff to build buildings on the said land; that plaintiff did not know of the transfer of the title to Mary Smith and charged the materials to Pearl Smith; that plaintiff did not know whether the conveyance was bona fide or not, but if so, Pearl Smith was acting as the agent of his said wife in purchasing the materials and with her knowledge and consent. That the last of the materials were furnished on the 17th day of August, 1917, amounted to $418.-35, and that on the 8th of September, 1917, plaintiff filed a lien statement in the office of the court clerk of Craig county, Okla., the county in which the land lies, against the buildings and the farm. The property is particularly described and it is a correct description. The name of the owner was given as Pearl Smith. Plaintiff alleges that after this was done, Mary Smith sold the property to defendant Scott, and he in turn mortgaged it to the bank. The petition alleges that Scott and the bank had notice of the lien of plaintiff, and before they purchased or loaned. It is obvious that the petition stated a cause of action against the defendants; therefore the defendants' demurrer was properly overruled by the trial court.

The defendants' first and sixth assignments of error are that the court erred in sustaining the motion for judgment on the pleadings, and in rendering judgment against the defendants in said cause.

The answer of the defendants was as follows:

"Comes now the defendants, John W. Scott and the First National Bank of Mi-

ami, and for answer to plaintiff's petition deny each and every material allegation therein contained, except such as are hereinafter specifically admitted, and demand strict proof thereof.

"Defendants admit that in January, 1918, the defendant Mary Smith sold and transferred the land upon which a lien is herein sought to be established and foreclosed, together with all the improvements thereon, to the defendant John W. Scott, such conveyance being by deed of general warranty dated January 24, 1918, excepting only a mortgage in favor of Gum Bros.

"Defendants further admit that on the 2nd day of February, 1918, said defendant John W. Scott executed a mortgage upon the said land and improvements in favor of the defendant First National Bank of Miami, Oklahoma."

As we have seen, Mary Smith was the principal debtor. No personal judgment was sought against the defendant Scott and the bank. The only question between plaintiff and the defendant Scott and the bank was the one of priority of rights. The petition was verified, the copy of the record of the court clerk as to filing the lien was verified, and the defendant Mary Smith made default. By making default she, in effect, confessed the amount of the claim of the plaintiff. The defendants' answer admits that in January, 1918, the defendant Mary Smith sold and transferred the land upon which a lien is sought to be established and foreclosed, together with all improvements thereon, to the defendant John W. Scott. Such conveyance was by warranty deed, dated January 24, 1918, excepting only the mortgage in favor of Gum Bros. Defendants further admit that on the 2nd day of February, 1918, said defendant John W. Scott executed a mortgage upon said land and improvements in favor of the defendant First National Bank of Miami. In the case of Sierzek et al. v. Smith et al., 86 Okla. 79, 206 Pac. 611, in an action wherein the plaintiff sought personal judgment and foreclosure, and made other persons parties defendant on account of liens they claimed, and wherein the principal defendant made default, the court said:

"They tried to place themselves in the position that the defendants in error Mary and Robert West occupied, and argued that the law is likewise applicable to them. Had the Wests appeared and contested this suit of the plaintiff and demanded a jury, then no doubt error would have been committed by the refusal to grant them a jury trial because a personal judgment was being asked against them on the plaintiff's contract and mortgage. However, by their default, they

admitted the questions raised as to them. As to the appealing parties the action as to them was the foreclosure of the plaintiff's mortgage. The plaintiff did not ask a money judgment against the defendants who are now plaintiffs in error, but asked that his mortgage and lien be declared a prior lien, the cancellation of deeds and mortgages, the subjects of the suit dismissed, which is purely an equitable action."

So, in the instant case the questions raised as to Mary Smith, she being in default, were admitted. When no personal judgment was asked as against defendants Scott and the bank, they were foreclosed as to the question of the amount due and owing by the defendant Mary Smith. ·

They did not plead that they were bona fide purchasers; neither was their answer verified. To have the benefit of the law on innocent purchasers it must be pleaded. Bruce et al. v. Overton et al., 54 Okla. 350, 154 Pac. 340; Adams Oil & Gas Co. v. Hudson, 55 Okla. 386, 155 Pac. 220; Tucker v. Leonard et al., 76 Okla. 16, 183 Pac. 907; Mobley v. Rhoades et al., 77 Okla. 64, 186 Pac. 230; McIntosh v. Holtgrave et al., 79 Okla. 63, 191 Pac. 739.

In the case of Bruce v. Overton, supra, the second paragraph of the syllabus of the case is as follows:

"A person seeking protection as an innocent purchaser of real estate without notice of an outstanding title must both allege and prove the facts constituting him such innocent purchaser, and unless he does so, that issue is not raised."

In the body of the opinion the court said:

"It is an affirmative defense, and the facts constituting the same are usually peculiarly within the knowledge of the person claiming to be an innocent purchaser. He knows whether or not the consideration has been paid, and, if so, what it was, and whether he had knowledge of the outstanding title or notice of any fact that would tend to put him upon inquiry, and he is called upon to plead and prove such facts."

In the case of Mobley v. Rhoades, supra, the first paragraph of the syllabus is as follows:

"An answer setting up the defense of innocent purchaser without notice must state facts sufficient to show a bona fide purchase. It should state the consideration, which must appear from the averment to be 'valuable' within the meaning of the rules upon the subject, and should show that it has actually been paid, and not merely secured. It should also deny notice in the fullest and clearest manner, and this denial is necessary whether notice is charged in the complaint or not."

In the circumstances disclosed by the record, we think the trial court committed no error in sustaining the plaintiff's motion for judgment on the pleadings.

The judgment of the trial court is therefore affirmed.

McNEILL, MILLER, ELTING, KENNAMER, and NICHOLSON, JJ.. concur.